[No. 10,859. In Bank.—September 1, 1884.]

THE PEOPLE, RESPONDENT, *v.* PATRICK BIGGINS, APPELLANT.

CRIMINAL LAW — INSTRUCTIONS — DEGREE OF CRIME. — The defendant was charged with the crime of murder, and convicted of murder of the second degree. The court instructed the jury that "insulting words, gestures, *or actions* will not reduce an unlawful killing from murder to manslaughter, unless the gestures or actions are such as to reasonably induce the belief of danger to life, or of great bodily harm, in the mind of the party against whom they are used." *Held*, that if the defendant reasonably believed from the "actions used" that he was in danger of losing his life or of receiving great bodily harm, the killing of his assailant was justifiable, and as there was testimony before the jury upon which they might have found a verdict of manslaughter, the instruction was erroneous.

ID. — CONFESSION OF DEMURRER. — An order allowing the prosecution in a trial for murder, to confess a demurrer to the information, followed by a direction that the district attorney file another information, is an order "to the effect" that the demurrer be allowed.

ID. — INFORMATION — TITLE OF COURT — NAME OF COUNTY. — The omission to name the county in the title of an information is a technical defect, not affecting the substantial rights of the defendant when the name of the county appears in the body of the information.

APPEAL from a judgment of the Superior Court of Fresno County, and from an order refusing a new trial.

The facts are stated in the opinion of the court.

*W. D. Tupper*, for Appellant.

*Attorney-General Marshall*, for Respondent.

The COURT. — The court below charged the jury: "Insulting words, gestures, *or actions* will not reduce an unlawful killing from murder to manslaughter, unless the gestures or actions are such as to reasonably induce the belief of danger to life, or of great bodily harm, in the mind of the party against whom they are used." If the party against whom actions "are used" *reasonably* believes that he is in danger of losing his life, or of receiving great bodily harm, the killing of his assailant is justifiable, and such killing is not "unlawful."

The jury were the sole judges of the credibility of the witnesses. Upon the jury was imposed the task of determining which, if any, of the statements of each witness were to be believed. A careful examination of the bill of exceptions shows that there was evidence before them upon which they might have based a verdict, guilty of manslaughter. The charge was plainly erroneous in respect to a material matter.

As appears from the bill of exceptions, on the 14th day of September, 1882, "counsel for the prosecution moved the court to grant an order setting aside the order of this court made and entered on the 8th inst., overruling the demurrer to the information herein, and allow the prosecution to confess said demurrer, which motion is granted, and it is therefore ordered that the said order overruling the said demurrer made and entered herein on the 8th day of September, 1882, be, and the same is hereby set aside and vacated. Counsel for the prosecution thereupon confessed the said demurrer, and upon suggestion of counsel for the prosecution, the court orders that the district attorney file a new information against the defendant," etc.

Section 1007 of the Penal Code reads: "Upon considering the demurrer, the court must give judgment either allowing or disallowing it, and an order to that effect must be entered upon the minutes." It is contended by appellant that the demurrer "confessed" by the prosecution was never finally disposed of; that no order was entered in the minutes allowing or disallowing it. It would certainly have been more regular to have entered an order expressly allowing the demurrer, but we think the order allowing the prosecution to confess that the demurrer was well taken, followed by a direction that the district attorney file another information, was an order "to the effect" that the demurrer be allowed.

It is contended by appellant that the court below erred in disallowing defendant's demurrer to the information filed September 22, 1882.

Section 951 of the Penal Code provides: The indictment or information may be substantially in the following form: —

"The people of the State of California against A B, in the Superior Court of the county of ——, the — day of ——, A. D. 18—. A B is accused by the grand jury of the county of ——, by this indictment (or by the district attorney by this information), of the crime of (giving its legal appellation, such as murder, arson, or the like, or designating it as felony or misdemeanor), committed as follows: The said A B, on the — day of ——, A. D. 18—, at the county of —— (here set forth the act or omission charged as an offense), contrary to the form, force, and effect of the statute in such case made and provided, and against the peace and dignity of the people of the State of California."

The information is entitled: "In the Superior Court of the county of ——, State of California, The People of the State of California against Patrick Biggins: Information for murder." It proceeds: "Patrick Biggins is accused by the district attorney of the said county of *Fresno*," etc. We think the omission of the name of the county in the title is a technical error or defect which did not affect the substantial rights of the defendant. It must, therefore, be disregarded by this court. (Pen. Code, § 1258.) The information concludes, "contrary to the form, force, and effect of the statute in such cases made and provided,

and against the peace and dignity of the people of the State of California."

The information sufficiently avers that the acts of defendant were "contrary to the force and effect of the statute." The objection that it only charges that deceased died contrary to the form, force, etc., is hypercritical.

Judgment and order reversed and cause remanded for a new trial.