20  371
e29  527
20  371
f34   9
34  586

STATE OF MONTANA, RESPONDENT, *v.* A. F. MOFFATT, APPELLANT.

[Submitted January 11, 1898.  Decided January 17, 1898.]

*Appeal, Practice in Criminal Cases—Bill of Exceptions—Instructions—Immaterial Error—Appeal—Bill of Exceptions—Record.*

1. APPEAL—*Bill of Exceptions.*—On an appeal from a judgment and order denying a motion for a new trial in a criminal case, the court will not consider a bill of exception which has not been settled and allowed by the judge, or one which does not show that the County Attorney was notified that the same would be presented to the judge for settlement.
2. INSTRUCTIONS—*Immaterial Error.*—An ambiguity in an instruction on the crime of petit larceny is not prejudicial to a defendant in a criminal case, in which the jury found him guilty of grand larceny.
3. RECORD.—Papers amending the record will not be considered, unless a request to file them has been properly made.

*Appeal from District Court, Silver Bow County.    Wm. Clancy, Judge.*

A. F. MOFFAT was convicted of grand larceny and appeals. Affirmed.

*A. B. Edler,* for Appellant.

*C. B. Nolan,* Attorney General, for the State.

HUNT, J.—A. F. Moffat, defendant and appellant, was convicted of larceny in the first degree, or grand larceny, and sentenced to the penitentiary.   He appeals from the judgment of conviction, and from an order denying his motion for a new trial.

The notice of appeal in this case recites that "defendant appeals to this court from the judgment of conviction of larceny in the first degree, rendered against him by the District Court of Silver Bow County, on September 11, 1897, and from the order denying defendant's motion for a new trial made and entered in the minutes of the court on September 11, 1897

(*sic*)." This motion was duly served upon the County Attorney.

The record further discloses that, upon the day the verdict of guilty was rendered, the defendant "gave oral notice of appeal and motion for a new trial," and was granted 10 days in which "to prepare such notice and motion." Then follows a "transcript of testimony" in the case, which apparently contains the evidence heard at the trial. This (we notice in passing) is inexcusably in violation of the rules of court by being double paged throughout. Immediately after this are the instructions given to the jury. Then follows a journal entry of September 11, 1897, to the effect that the motion for a new trial came on to be heard, and, after argument, was overruled; whereupon defendant was sentenced to the penitentiary for $1\frac{1}{2}$ years from September 11, 1897, and judgment entered accordingly.

Then, again, on September 11, 1897, the defendant gave notice of intention to move the court to set aside and vacate the judgment, and to grant a new trial, upon the grounds (1) that the court misdirected the jury in matters of law, and erred in the decision of questions of law arising during the course of the trial; and (2) that the verdict is contrary to the law and the evidence. This "notice of motion for new trial" was served upon the County Attorney, and filed September 11, 1897.

The notice of motion last above referred to does not disclose upon what the motion is predicated, whether upon bill of exceptions, affidavits or other grounds.

After this record, there is incorporated in the transcript a bill of exceptions of 24 pages, numbered from 1 to 24 consecutively, containing certain evidence and objections thereto, and to which is affixed the certificate of Judge Clancy that "the above and foregoing attached hereto is a true and correct bill of exceptions," as settled by him November 23, 1897. We must construe this to be the only true and correct bill of exceptions settled and allowed in the case, for the judge evidently limited his certificate to the 24 pages only.

With the record in such a condition, we are precluded from considering any testimony other than that embraced in the bill of exceptions settled and allowed by the judge. Nor can we examine the evidence embodied in the bill of exceptions settled and allowed, because it nowhere appears by the record that the appellant ever notified the County Attorney that he would present a bill of exceptions to the judge for settlement, as required by Section 2171 of the Penal Code. (*State* v. *Gawith*, 19 Mont. 48, 47 Pac. 207.)

We have been handed a paper, given to the clerk of this court on the very day this case was submitted to us, wherein appellant's counsel seeks apparently to cure this fatal omission; but we refuse to consider papers purporting to amend the records of this court unless requests to file the same have first been made under appropriate rules of procedure. Any other practice would utterly destroy all harmony of procedure, and.lead to pernicious and dangerous results.

This disposes of all of defendant's points, except the alleged error in instruction No. 12, which is as follows:  "The court instructs the jury that, if you find the defendant guilty of grand larceny, all of your number must so find; and, if you find the value of the property stolen was worth less than $50, then that would be petit larceny; then eight of your number so finding may return a verdict of guilty of petit larceny; but, if you find the defendant not guilty, it will be necessary for all of your number to agree in the finding of such a verdict and the acquittal of the defendant."

This instruction is ambiguous in so far as it sought to direct the jury how to deliberate upon the defendant's guilt or innocence of the crime of petit larceny; but it was perfectly intelligible in saying that all of the 12 jurors must concur in finding a verdict upon the question of grand larceny; and, inasmuch as they convicted of grand larceny, we fail to see how the error was prejudicial to the defendant. (*State* v. *Gay*, 18 Mont. 51, 44 Pac. 411.) The judgment and order are affirmed.

*Affirmed.*

PEMBERTON, C. J., and PIGOTT, J., concur.