STATE, RESPONDENT, *v.* STICKNEY, APPELLANT.

(No. 2,003.)

(Submitted January 7, 1904.   Decided February 8, 1904.)

*Kidnapping—Information—Sufficiency — Appeal—Record— Bill of Exceptions.*

1.   Under Penal Code, Section 2229, Subd. 1, and Session Laws 1903, p. 47, Chap. 34, the original and first amended informations, and demurrers to them which were sustained, and a motion to dismiss the prosecution, and order overruling it, were not a part of the appeal record, where they were not embodied in the bill of exceptions.
2.   Under Penal Code, Section 2171, providing that a draft of a bill of exceptions in a criminal case shall be presented for settlement on at least two days' notice to the county attorney, where the record on appeal does not show affirmatively that such notice was given, the bill of exceptions will not be considered.
3.   Under Penal Code, Section 380, Subd. 3, as amended by Session Laws of 1901, p. 169, providing that whoever willfully entices or by force or fraud takes away another from a place within the state, and afterwards brings such person into this state, is guilty of kidnapping, the crime is complete when these acts are done, though without intent to cause the person to be secretly confined and imprisoned within the state, notwithstanding Subdivision 1, making that an element of the crime where the person is seized in this state.

4. An objection that the concluding phrase of the counts of an information, "against the peace and dignity of the state of Montana," etc., modifies only the last sentence preceding such words in each count is without merit.

.5. Under Penal Code, Section 1830, providing that the rules by which the sufficiency of pleadings in criminal actions is to be determined are those prescribed by that Code, an information is sufficient where it conforms substantially to the form laid down in Section 1833, and to the rules prescribed in Section 1841, and there is no imperfection in matter or form thereof tending to the prejudice of a substantial right of the defendant on its merits (Section 1842).

*Appeal from District Court, Cascade County; J. B. Leslie, Judge.*

ROBERT STICKNEY was convicted of kidnapping, and appeals Affirmed.

*Messrs. Downing & Stevenson,* for Appellant.

*Mr. James Donovan, Attorney General,* for the State.

MR. JUSTICE HOLLOWAY delivered the opinion of the court.

The defendant, Robert Stickney, was convicted of the crime of kidnapping, and sentenced to imprisonment in the state prison for the term of seven years. From the judgment he appeals.

Bound together as the record, and filed in this court, are a copy of the original information, the demurrer filed thereto, the order of the district court sustaining the demurrer, the first amended information, the demurrer thereto, the order of the district court sustaining it, the second amended information— being the one upon which the defendant was tried—a motion by defendant to dismiss the prosecution against him, the order of the district court overruling the motion, the defendant's pleas, the minute entries of the trial, including a copy of the verdict, the instructions given to the jury, the judgment, a bill of exceptions embodying the testimony given at the trial, a stipulation, the notice of appeal, and the certificate of the clerk. Counsel for the state has moved this court to strike out all that portion, except the information upon which the defendant was

tried, the record of his pleas, the minute entries of the trial, the instructions given, the judgment rendered, the notice of appeal, and the clerk's certificate. The motion to strike the original and first amended informations, together with the demurrers thereto, and the orders of the court with reference to the same, together with the motion to dismiss the prosecution, and the order of the court overruling the same, and the stipulation of the attorneys respecting the time for the presentation of the bill of exceptions for settlement, is made upon the ground that the several papers just enumerated are not a part of any bill of exceptions, and therefore not properly a part of the record in this case.

Section 2229 of the Penal Code designates the papers which shall constitute the judgment roll or record of the action in a criminal case, where a conviction has been had. Subdivision 1 is, "The indictment or information, and a copy of the minutes of the plea or demurrer." It is contended by appellant that the motion to dismiss the prosecution was in effect a demurrer, and properly a part of the judgment roll. However, Session Laws 1903, page 47, Chapter 34, has amended Subdivision 1 of Section 2229, above, by providing that motions to set aside indictments or informations, or demurrers to indictments or informations, shall be embodied in a bill of exceptions, and further provides that they cannot be reviewed in any other manner. The information which is made a part of the judgment roll has reference only to the information upon which the defendant was tried. If he was tried on an amended information, that amended information succeeds all prior informations filed, and they cease to have any effect whatever as pleadings. It is apparent that the defendant recognized this rule, for he sought to have the original and first amended informations introduced in evidence as exhibits, but upon objection they were excluded, and are not copied in the bill of exceptions.

It appears, then, that the judgment roll or record of the action in this case is composed of copies of the following papers only:    (1) The information, and defendant's pleas thereto;

(2) the minutes of the trial; (3) the instructions given; and (4) the judgment. Section 2 of Chapter 34, Act of 1903, above, among other things, provides: "The only method of preserving for review by the supreme court on appeal, any pro-ceeding, evidence or matter not designated by the Penal Code as part of the record on appeal without bill of exceptions, shall be by bill of exceptions prepared and settled under either Sec-tion 2171 of the Penal Code or this Act, as the one or the other may be appropriate." It is apparent, then, that with reference to the original information, the demurrer thereto, the order of the court sustaining it, the first amended information, the de-murrer thereto, and the order of the court sustaining it, the defendant's motion to dismiss the prosecution, and the order of the court overruling the same, and the stipulation of the attor-neys, none of which are embraced in the bill of exceptions, nor are a part of the judgment roll, are not part of the record before this court for any purpose whatever, and must therefore be stricken out.

It is contended by the attorney general that the bill of excep-tions should be stricken from the record, for the reason that it does not appear affirmatively from it that the same was pre-sented to the judge for settlement on two days' notice to the county attorney.

Section 2171 of the Penal Code provides: "When a party desires to have the exceptions taken at the trial settled in a bill of exceptions the draft of a bill must be prepared by him and presented, upon notice of at least two days to the county attor-ney, to the judge for settlement within ten days after judgment has been rendered against him, unless further time is granted by the judge, or by a justice of the supreme court, or within that period the draft must be delivered to the clerk of the court for the judge. * * *" In *State* v. *Gawith*, 19 Mont. 48, 47 Pac. 207, this same question was before the court; and it was there held that the provisions of Section 2171, quoted above, are mandatory, and, where the record on appeal does not show *affirmatively* that such notice was given, the bill of exceptions

will not be considered. In *State* v. *Moffatt*, 20 Mont. 371, 51 Pac. 823, the same question was presented, and the doctrine announced in *State* v. *Gawith* reaffirmed, so that it may be said to have become a settled rule of practice in this state. Eliminating therefore from the record the bill of exceptions and those papers which are not properly a part of the judgment roll, and there remains for consideration only the judgment roll as provided for in Section 2229 as amended by the Act of 1903.

The only question presented for determination is, does the information state a public offense?

The information is drawn and the prosecution had under the provisions of Subdivision 3 of Section 380 of the Penal Code, as amended by the Seventh legislative assembly (Session Laws 1901, p. 169). So much of that section as is applicable to this case reads as follows: "Every person who willfully    *    *    * (3) abducts, entices or by force or fraud unlawfully takes or carries away another, at or from a place without the state    *    *    * and afterwards sends, brings, has or keeps such person, or causes him to be kept or secreted within this state, is guilty of kidnapping and is punishable by imprisonment in the state prison for not less than one year."

The information is in three counts, but upon the trial the first count was abandoned by the prosecution, and consideration of it withdrawn from the jury by an appropriate instruction. The second count charges that the defendant on December 11, 1902, by means of false and fraudulent representations, which are detailed at length, did unlawfully, willfully and feloniously entice one Hallie Wolcott from Denver, Colorado, and afterwards, on December 18, 1902, did, by means of such false and fraudulent representations, willfully, unlawfully and feloniously bring the said Hallie Wolcott into this state, and into a certain place in the city of Great Falls. The third count charges the defendant with willfully and feloniously *taking* the said Hallie Wolcott from Denver, Colorado, and afterwards unlawfully and feloniously bringing her into Montana.

The various terms employed in the first part of Subdivision 3, above, merely designate the means by any one of which the

crime may be initiated; and if the defendant willfully and feloniously enticed the prosecuting witness from Colorado, and afterwards unlawfully and feloniously brought her into this state, the crime would be complete, as charged in the second count. Or, if he willfully and feloniously took her from Colorado, and afterwards unlawfully and feloniously brought her into this state, the crime would be complete, as charged in the third count.

The contention of the appellant that the information must allege that the defendant brought her into this state "with intent to cause her, without authority of law, to be secretly confined and imprisoned within this state," etc., is untenable. If the prosecution was had under Subdivision 1 of Section 380, above, then the objection made by the appellant would be applicable. But under Subdivision 3, above, if the defendant willfully and feloniously enticed or took the prosecuting witness from Colorado, he could then have completed the crime of kidnapping, as defined in that section, by any one of the following means, viz.: by sending her, by bringing her, by having her, by keeping her, or by causing her to be kept or secreted in this state.

Finally it is contended that the concluding phrase of each count, "against the peace and dignity of the state of Montana," etc., only modifies or characterizes the last sentence of each count preceding such concluding words. But with equal propriety could that argument be made against the allegations of almost every information. In *People* v. *Biggins,* 65 Cal. 564, 4 Pac. 570, such contention is characterized as hypercritical. We are of the opinion that there is no merit in it.

The sufficiency of every information is to be tested by the rules prescribed by the Penal Code. Section 1830 reads as follows: "All the forms of pleading in criminal actions, and the rules by which the sufficiency of pleadings is to be determined, are those prescribed by this Code." Section 1833 provides a form for informations and indictments, and it is sufficient to say that the information in this case conforms to that

model in all substantial particulars. Sections 1841 and 1842 provide the rules for the interpretation and construction of informations and indictments as follows:

"Sec. 1841. The indictment or information is sufficient, if it can be understood therefrom: (1) That it is entitled in a court having authority to receive it, though the name of the court be not stated. (2) If an indictment, that it was found by a grand jury of the county in which the court was held; or if an information, that it was subscribed and presented to the court by the county attorney of the county in which the court was held. (3) That the defendant is named, or, if his name cannot be discovered, that he is described by a fictitious name, with a statement that his true name is to the jury or county attorney, as the case may be, unknown. (4) That the offense was committed at some place within the jurisdiction of the court, except where the act, though done without the local jurisdiction of the county, is triable therein. (5) That the offense was committed at some time prior to the time of finding the indictment or filing of the information. (6) That the act or omission charged as the offense, is clearly and distinctly set forth in ordinary and concise language, without repetition, and in such manner as to enable a person of common understanding to know what is intended. (7) That the act or omission charged as the offense, is stated with such a degree of certainty, as to enable the court to pronounce judgment upon a conviction, according to the right of the case.

"Sec. 1842. No indictment or information is insufficient, nor can the trial, judgment, or other proceedings thereon be affected by reason of any defect or imperfection in matter of form which does not tend to the prejudice of a substantial right of the defendant upon its merits."

Tested by the foregoing rules, we are of the opinion that the information states a public offense.

The judgment is affirmed.

*Affirmed.*