STATE, RESPONDENT, *v.* KREMER, APPELLANT.

(No. 2,232.)

(Submitted March 1, 1906. Decided March 19, 1906.)

*Criminal Law—Larceny—Appeal—Record—New Trial—Notice —Instructions.*

Criminal Law—New Trial—Appeal—Bill of Exceptions.
　　1. Under section 2, Chapter XXXIV, p. 48, Session Laws of 1903, the only manner of reviewing an order granting or refusing a new trial in a criminal case is upon a bill of exceptions incorporating the matters upon which it is based.

Same—Bill of Exceptions—Settlement—Notice—Statutes.

2. *Held,* that the provisions of section 2171 of the Penal Code, and of section 1 of Chapter XXXIV, page 47, Session Laws of 1903, relating to the settlement of bills of exceptions in criminal cases, and providing that the draft of a proposed bill must be presented, upon at least two days' notice to the adverse party, to the judge for settlement or delivered to the clerk for the judge, are mandatory; that the giving of such notice is an indispensable prerequisite to the consideration of the bill by the supreme court, and that the record must show affirmatively the fact of the giving of such notice.

Same—Bill of Exceptions—Delivery of Copy to Adverse Party—Notice.

3. Delivery of a copy of a proposed bill of exceptions to the county attorney, in a criminal case, does not meet the requirements of Penal Code, section 2171, and section 1, Chapter XXXIV, Laws of 1903, page 47, relative to notice of at least two days to the adverse party prior to delivery of such bill to the judge for settlement.

Same—Grand Larceny—Trial—Instructions—Appeal.

4. In a prosecution for larceny, an instruction that, if it was possible for the jury upon the evidence to account for the taking of the property mentioned, upon any reasonable hypothesis other than the guilt of defendant, they should do so, and find the defendant not guilty, cannot be said to be appropriate to every case, and, where the evidence is not before the supreme court on appeal, the refusal of the trial court to give such instruction will not be reviewed.

Appeal—Error—Presumptions—Record.

5. Error will not be presumed by an appellate court; it must be made to appear affirmatively in the record to entitle it to consideration.

Criminal Law—Instructions—Jury.

6. A requested instruction in a criminal prosecution that the jury should not consider their personal opinions as to the facts proven, and that they might believe as men that certain facts exist, but as jurors they could only act upon the evidence introduced upon the trial, and from that and that alone they should form their verdict, unaided, unassisted and uninfluenced by any opinion or presumption not framed upon the testimony, was properly refused.

Same—Larceny—Instructions—Reasonable Doubt.

7. The refusal of the trial court, in a prosecution for larceny, to give a requested instruction to the effect that the state must prove every material allegation of the information beyond a reasonable doubt, did not constitute error where the same subject had been covered by numerous instructions given by the court though in different language from that found in the offered instruction.

*Appeal from District Court, Silver Bow County; Michael Donlan, Judge.*

NELLIE KREMER was convicted of the crime of grand larceny, and appeals from the judgment of conviction and from an order denying her a new trial. Affirmed.

*Mr. J. Bruce Kremer,* and *Mr. Edwin S. Booth,* for Appellant.

*Mr. Albert J. Galen,* Attorney General, and *Mr. W. H. Poorman,* Assistant Attorney General, for Respondent.

MR. JUSTICE HOLLOWAY delivered the opinion of the court.

Nellie Kremer was convicted of the crime of grand larceny, and appeals from the judgment and from an order denying her a new trial. The record presented here consists of the record of the action or judgment-roll, a bill of exceptions, the order denying the motion for a new trial, and the notice of appeal. There are nine assignments of error, four of which are presented by the record of the action or judgment-roll, and five by the bill of exceptions.

We are met at the outset by an objection on the part of the attorney-general that the bill of exceptions cannot be considered for any purpose, for the reason that it does not appear, affirmatively or otherwise, that the proposed bill was presented to the judge, or delivered to the clerk for the judge, for settlement upon notice of at least two days to the county attorney. That portion of the record to which reference is made is designated "Statement on Motion for a New Trial, and Bill of Exceptions."

There is not any such thing recognized by the law of this state as a statement on motion for a new trial in a criminal case. The motion may be presented to the trial court on affidavits or a bill of exceptions, or both. For purposes of review by this court, the Code did not formerly require the affidavits to be made a part of the record, or to be authenticated by a bill of exceptions; but, by section 2, Chapter XXXIV, of Session Laws of 1903 (Laws of 1903, p. 48), they must be made a part of the record by bill of exceptions. Likewise, by sections 2172 and 2173 of the Penal Code, certain matters were deemed excepted to, and by section 2176 of the Penal Code,

these could be reviewed without a bill of exceptions; but by section 2, Chapter XXXIV, page 48, of the Acts of 1903 above, these sections were also amended to the extent that every matter enumerated in either section 2172 or 2173, above, must now be incorporated in a bill of exceptions, except the order granting or refusing a new trial, which is incorporated in the record by certificate of the clerk, as is the notice of appeal. So that, taking these provisions together, it is perfectly clear that the only manner of reviewing an order granting or refusing a new trial in a criminal case, is upon a bill of exceptions incorporating the matters upon which it is based.

Considering, then, that portion of the record here designated "Statement on Motion for a New Trial and Bill of Exceptions" as a bill of exceptions only, we are face to face with the attorney general's objection. Section 2171 of the Penal Code provides for the settlement of a bill of exceptions when presented by the defendant. Section 1 of Chapter XXXIV, Acts of 1903, above, provides for the settlement of a bill of exceptions when presented by either party, but the procedure is the same in either case. The draft of the proposed bill must be presented, upon at least two days' notice to the adverse party, to the judge for settlement or delivered to the clerk for the judge; if delivered to the clerk, the clerk must deliver it with proposed amendments, if any, to the judge. In *State* v. *Gawith*, 19 Mont. 48, 47 Pac. 207, decided in 1896, it was held that the giving of the two days' notice to the county attorney, as provided in section 2171, above, is an indispensable prerequisite to the consideration of a bill of exceptions by the appellate court, and that it must appear affirmatively from the record that such notice was given. This was followed and approved in *State* v. *Moffatt*, 20 Mont. 371, 51 Pac. 823, and in *State* v. *Stickney*, 29 Mont. 523, 75 Pac. 201. Section 1 of Chapter XXXIV, Acts of 1903, must be given the same meaning. We now repeat what was decided in those cases: That the provisions of section 2171 of the Penal Code, and of section 1 of Chapter XXXIV, of the Acts of 1903, above, relating to the settlement of bills of exceptions in criminal cases,

are mandatory, and that the record must show affirmatively that such notice was given; otherwise, the bill of exceptions will not be considered by this court.

But it may be said that a copy of the draft of the proposed bill of exceptions was, in this instance, given to the county attorney; but that does not meet the requirements of the statute. The reason for the rule announced in the cases above is apparent. After the county attorney receives notice that the proposed bill will be presented for settlement, he has from that time until the settlement of the bill, or until the proposed bill is delivered to the clerk, within which to propose amendments; and if he has not this notice, he has no knowledge of the time within which he must propose his amendments. In any event, the law in unmistakable language requires the notice to be given. It is not an unreasonable requirement and will be rigidly enforced. The presumption, at least, is that laws are enacted with that purpose in view. The record does not show that the notice which is required to be given by section 2171, or section 1, Chapter XXXIV, Laws of 1903, was given; nor does it even appear that the county attorney was present when the bill of exceptions was settled or that he knew anything about its settlement. Upon the authority of the cases cited above, we decline to consider the bill of exceptions in this case for any purpose whatever. It is also to be observed that by the provisions of section 2, of Chapter XXXIV, Acts of 1903, above, a demurrer to an information must be presented by bill of exceptions in order to have the action of the court thereon reviewed.

The questions presented upon the appeal from the judgment and which properly appear from the record of the case or judgment-roll, relate to the refusal of the trial court to give instructions numbered 21, 23, 25, and 26, requested by the defendant. The first half of No. 23 was given in a number of other instructions. No. 21 and the last half of No. 23 are to the same effect—that if it is possible for the jury, upon the evidence in the case, to account for the taking of the property

mentioned in the information upon any reasonable hypothesis other than the guilt of the defendant, then they should do so and find the defendant not guilty. It cannot be said that an instruction to this effect should be given in every case. As the evidence is not properly before us, we cannot examine it to determine whether in this particular case any error was committed by the trial court in refusing to give either or both of these offered instructions. Error will not be presumed; it must be made to appear affirmatively.

Instruction No. 25 is erroneous, and was properly refused. It is as follows: "You are instructed that your personal opinion as to the facts proven cannot properly be considered as the basis of your verdict. You may believe as men that certain facts exist, but as jurors, you can only act upon evidence introduced upon the trial, and from that, and that alone, you must form your verdict, unaided, unassisted, and uninfluenced by any opinion or presumption, not framed upon the testimony." If the juror is not to consider his personal opinion as to the facts proven, it would be interesting to know whose opinion he must consider. Blashfield on Instructions to Juries, sec. 360, *Ramsey* v. *Burns*, 27 Mont. 154, 69 Pac. 711, *Spies* v. *People*, 122 Ill. 18, 3 Am. St. Rep. 320, 12 N. E. 865, 17 N. E. 898, and *Villereal* v. *State* (Tex. Cr. App.), 61 S. W. 715, are cited in support of appellant's contention that this instruction should have been given. But in the authorities cited an instruction such as No. 25 abov? was not considered. In every instance the instruction approved in effect told the jury not to consider any matter not in evidence in the case before them.

Instruction No. 26, refused, only attempts to emphasize the fact that the state must prove every material allegation of the information beyond a reasonable doubt. We think this feature of the case had been fairly covered by the numerous instructions upon that subject, given by the court. While the instructions given are not in the same language as No. 26 above, the jury must have understood from them their duty quite as fully as if this refused instruction had been given.

As it does not appear from this record that any error was committed, the judgment and order are affirmed

*Affirmed.*

MR. CHIEF JUSTICE BRANTLY and MR. JUSTICE MILBURN concur.