STATE, RESPONDENT, *v.* HAYES, APPELLANT.

(No. 2,614.)

(Submitted December 29, 1908.  Decided February 1, 1909.)

[99 Pac. 434.]

| 38 | 219 |
| 38 | 454 |
| 138 | 455 |
| 38 | 219 |
| 39 | 237 |
| 38 | 219 |
| 40 | 81 |

*Criminal Law—Murder—Information—Sufficiency—Conspiracy —Evidence.*

Murder—Information—Sufficiency.

1. An information alleging that at a specified time and place defendant did "willfully, unlawfully, feloniously, premeditatedly and of his malice aforethought kill and murder" a certain person, was sufficient to charge murder.

Same.

2. Allegations sufficient for a common-law indictment for murder being sufficient for an information charging that crime under the statute, it was not necessary that the charging part of such pleading should set forth the facts showing how and by what means the killing was done.

Same—Conspiracy—Evidence—Sufficiency.

3. Where, on a trial for the murder of a guard in the penitentiary, the evidence showed that the object of the conspiracy between accused and certain other prisoners, was to effect an escape by force, that the disabling or killing of the officers whose presence tended to prevent the escape was a part of the conspiracy, that defendant was a party to the entire plan, and that he assaulted the warden at about the time the others were assaulting the guard, the killing of the latter was a part of the main transaction, justifying the conviction of accused for the murder.

*Appeal from District Court, Powell County; Geo. B. Winston, Judge.*

WILLIAM HAYES, convicted of murder, appeals from the judgment of conviction.  Affirmed.

*Mr. O. B. O'Bannon,* and *Mr. J. H. Duffy,* for Appellant.

*Mr. Albert J. Galen,* Attorney General, and *Mr. W. H. Poorman,* Assistant Attorney General, for Respondent.

MR. JUSTICE SMITH delivered the opinion of the court.

The above-named appellant and Geo. Rock, Orem Stevens, and C. B. Young were accused of the crime of murder, alleged

to have been committed in Powell county. The charging part of the information reads as follows: "Said George Rock, William Hayes, Orem Stevens and C. B. Young did on the 8th day of March, A. D. 1908, at and in the said county of Powell, state of Montana, and prior to the filing of this information, willfully, unlawfully, feloniously, premeditatedly, and of their premeditated malice aforethought kill and murder one John Robinson, a human being, then and there being, contrary to the form, force, and effect of the statute in such case made and provided, and against the peace and dignity of the state of Montana." All the defendants were prisoners in the penitentiary, and Robinson was a guard. The accused were tried separately. At the trial of Hayes the state contended that the killing of Robinson was done while the defendants were carrying out a conspiracy, theretofore formed, to escape from the penitentiary. It is not contended that the defendant did not have a fair and impartial trial. On the contrary, counsel for the appellant say in their brief: "It will be conceded by counsel for the appellant herein that said appellant had a fair and impartial trial before a judge who zealously guarded and protected the rights of this appellant during his trial to the best of his ability. Counsel for appellant, however, feel it their duty to present the cause of the appellant to this court, to the end that the court may finally determine whether any error was committed by the trial court affecting and injuring the substantial rights of the appellant, as they exist under the law of the state.  *  *  *  It is not claimed that the trial court committed any error affecting the substantial rights of the appellant by giving the jury any of the instructions contained in the transcript." But two questions are involved:

1. Defendant's counsel objected to the introduction of any evidence, for the reasons: (a) "That the information does not state facts sufficient to constitute a public offense or crime. (b) It does not state facts sufficient to constitute murder in any degree. (c) It does not state facts sufficient to constitute any crime included within the crime of murder. The information

does not substantially comply with the provisions of sections 1832-1834 of the Penal Code 1895 (Revised Codes, secs. 9147-9149).'' Under the ruling of this court in *State* v. *McGowan,* 36 Mont. 422, 93 Pac. 552, the information was sufficient in itself to charge murder. But it is contended that in this case the information should set forth facts showing how and by what means the actual killing was accomplished. This point was also decided in *State* v. *McGowan, supra.* We think the information was sufficient.

2. It is contended that the evidence does not disclose a conspiracy to kill Robinson, but only to effect an escape, and that, as it fails to show that appellant killed Robinson, he could not be legally convicted of murder because the killing was not included in the conspiracy. The evidence shows that Robinson was actually killed by Rock, or Rock and Stevens. It is conceded that there was a conspiracy on the part of ''some of appellant's codefendants'' to effect an escape from prison; but, say counsel, ''this falls far short of establishing the conspiracy contended for, to-wit, a conspiracy on the part of the appellant and his codefendants to kill Robinson.'' We have carefully examined the record. No specific testimony was given fixing the scope or range of the conspiracy, but to our minds it clearly appears from the evidence that the object of the conspiracy was to effect an escape from the penitentiary by force, that the disabling or killing of all officers of that institution whose presence tended to interfere with the design or prevent its success was a part of the conspiracy, and that Hayes was a party to the entire plan of procedure. He assaulted the warden at about the time Rock and Stevens were assaulting Robinson. In this view, the killing of Robinson, to use the language of this court in *State* v. *Howard,* 30 Mont. 518, 77 Pac. 50, was ''a part of the main transaction.''

The judgment of the district court and the order denying a new trial are affirmed.

*Affirmed.*

Mr. Chief Justice Brantly and Mr. Holloway concur.