STATE, RESPONDENT, *v.* SYLVESTER, APPELLANT.

(No. 2,761.)

(Submitted November 23, 1909. Decided November 29, 1909.)

[105 Pac. 86.]

*Criminal Law—Poolselling and Bookmaking—Evidence—Sufficiency—Admissibility.*

Poolselling and Bookmaking—Evidence—Sufficiency.
    1. Evidence *held* sufficient to show that defendant was guilty of a violation of the anti-poolroom law (Chapter 92, Laws 1909), by aiding and abetting in the making of bets on horseraces held outside the state.
Same—Conspiracy—Evidence—Admissibility.
    2. The acts done and words spoken by defendant's confederates in the execution of a plan which had for its purpose an evasion of Chapter 92, Laws of 1909, forbidding bookmaking and poolselling, both before and after the date on which the offense charged against defendant was alleged to have been committed, were admissible in evidence.
Same—Like Offenses—Evidence—When Admissible.
    3. Evidence of the commission of like offenses as the one for which defendant was on trial was admissible for the purpose of showing his act to have been a part of a system or general plan pursued by him in evading the law.

*Appeal from District Court, Silver Bow County; Michael Donlan, Judge.*

EDWARD SYLVESTER was convicted of aiding and abetting in reporting a bet upon the result of a horserace, held outside the state, and appeals from the conviction and an order refusing him a new trial. Affirmed.

For Respondent, there was a brief by *Mr. Albert J. Galen,* Attorney General, and *Mr. E. M. Hall,* Assistant Attorney General, and oral argument by the latter.

*Messrs. Mackel & Meyer* filed a brief in behalf of Appellant. *Mr. Alexander Mackel* argued the cause orally.

MR. JUSTICE SMITH delivered the opinion of the court.

The information in this case is substantially the same as that set forth in the case of *State* v. *Rose, ante,* p. 66, 105 Pac. 82, with the exception that the offense is alleged to have been committed on April 12, 1909.

The testimony shows: That one portion of the M. & M. saloon was in fact a poolroom; that Sylvester, on the day in question, stood before the blackboard described in the *Rose Case,* recording the result of the races; that he was writing the names of the horses, the odds, and weights on the blackboard, and "calling the races" when the information came in; that he was "putting up the result" of the races; that he was putting information upon the board; that "Mr. Colby and others would go into that place of business and take a look at the board and decide what horses they wanted to bet on, * * * and from the information posted on that board the bets were made upstairs by means of this telegraph company"; that. Chas. Colby made a $50 wager on the horse "Intrinsic" by means of a subterfuge similar to that employed in the *Rose Case,* with the exception that the person Wright was addressed at the Langham Hotel, Spokane, Wash., instead of Coeur d'Alene City, Idaho. The name of the horse "Intrinsic" was on the black-

board downstairs, as entered in the second race at Los Angeles. Under these circumstances the defendant should have been, as he was, convicted, and his motion for a new trial was properly overruled. There can be no question that he was engaged in "aiding and abetting in reporting, recording and registering a bet or wager upon the result of a contest of speed of horses, held without the state of Montana," by communicating information for the purpose of having the wager made.

The trial court allowed witnesses to testify as to all the surrounding facts, circumstances, and physical conditions at the time the defendant was engaged at the blackboard, as aforesaid. This was proper. (See *State* v. *Rose, ante,* p. 66, 105 Pac. 82.) The court also, over objection of the defendant, received testimony as to what Rose said and did at the time Colby sent his telegram, and what others said and did in and about the operation of the poolroom, both before and after April 12, to-wit, from April 7 to April 14. This was also proper. What Rose said tended to prove that a wager was made on April 12 on a contest of speed held outside of the state. The entire record discloses the fact that the M. & M. saloon, together with the office of the Interstate Telegraph Company, constituted a poolroom. Both Sylvester and Rose, with others, were engaged in carrying out a subtle plan to evade the law; in other words, in a conspiracy. The evidence showed that Sylvester was a party to the entire plan of procedure. His work was one of the links in the chain of operations, and a part of the main transaction. (See *State* v. *Hayes,* 38 Mont. 219, 99 Pac. 434.)

It is contended that portions of the testimony to which objection was made tended to prove other and different offenses. What was said by this court in the case of *State* v. *Newman,* 34 Mont. 434, 87 Pac. 462, disposes of this contention.

We do not find it necessary or at all desirable to review the entire testimony. The conclusions of fact which we have reached are amply justified thereby. The state introduced a great mass of evidence, some of which, perhaps, was unnecessary, and portions thereof related to acts which were some-

what remote in point of time; but a careful examination of the record satisfies us that no prejudicial error was committed. All of the testimony tended to prove that no substantial change took place in the method of operating the M. & M. poolroom after the so-called "anti-poolroom law" took effect. A subterfuge was resorted to in an attempt to evade the law; but in the essentials the business was conducted as theretofore. The defense interposed was manifestly a pure sham. The defendant was palpably guilty. All other questions discussed in the brief of his counsel are disposed of in *Rose's Case.*

The judgment and order are affirmed.

*Affirmed.*

MR. CHIEF JUSTICE BRANTLY and MR. JUSTICE HOLLOWAY concur.

Rehearing denied January 7, 1910.