## STATE, APPELLANT, v. GUERIN, RESPONDENT.

(No. 3,553.)

(Submitted September 16, 1915. Decided November 3, 1915.)

[152 Pac. 747.]

*Criminal Law — Sodomy — Information — Sufficiency—Appeal and Error—Argument.*

Sodomy—Information—Sufficiency.
    1. An information charging the infamous crime against nature, in that defendant by force took into his mouth the private member of another male person, *held* sufficient, under sections 8359 and 8360, Revised Codes, as against the objection that inasmuch as the statute embodies the common-law definition of the crime of sodomy, and that crime could be consummated with mankind only by penetration through the *anus*, the act charged against defendant did not constitute a violation of the statute.

    [As to whether sodomy may be committed by penetration of mouth, see note in 45 L. R. A. (n. s.) 473.]

Criminal Law—Appeal—Argument—Affirmance and Reversal.
    2. (On Motion for Rehearing.) Argument, whether written or oral, is "argument" within the meaning of section 9412, Revised Codes, providing that the judgment in a criminal cause may be affirmed if appellant fail to appear, but can be reversed only after argument if respondent fail to appear; hence where such a cause was submitted on the briefs of counsel, oral argument having been expressly waived by both sides, the

(250)

contention that a reversal of the judgment was, under the statute above, erroneous because oral argument had not been made at the time of its submission, held without merit.

*Appeal from District Court, Lewis and Clark County; J. M. Clements, Judge.*

C. F. GUERIN, charged with the commission of the infamous crime against nature, interposed a general demurrer, which was sustained. The state appealed. Reversed and remanded.

Cause submitted on briefs of counsel.

*Mr. J. B. Poindexter,* Attorney General, and *Mr. Wm. H. Poorman,* Assistant Attorney General, for Appellant.

Citing *Honselman* v. *People,* 168 Ill. 172, 48 N. E. 304; *Kelly* v. *People,* 192 Ill. 119, 85 Am. St. Rep. 323, 61 N. E. 425; *Means* v. *State,* 125 Wis. 650, 104 N. W. 815; *State* v. *McGruder,* 125 Iowa, 741, 101 N. W. 646; *Commonwealth* v. *Dill,* 160 Mass. 536, 36 N. E. 472.

In *Prindle* v. *State,* 31 Tex. Cr. 551, 37 Am. St. Rep. 833, 21 S. W. 360, the supreme court appears to hold to a view contrary to that enunciated by the cases cited *supra,* but on examination of the statute of that state we find that the legislature has given to the phrase "infamous crime against nature" the same meaning as is given at common law to sodomy. In *People* v. *Boyle,* 116 Cal. 658, 48 Pac. 800, the court appears to have followed the Texas decision, but without any discussion and without any attempt to distinguish between the statutes, although they are widely different.

*Mr. Wellington D. Rankin,* for Respondent.

Those states having the same and similar statutes hold the facts of the information at bar insufficient to constitute the offense. (See *State* v. *Johnson,* 44 Utah, 18, 137 Pac. 632; *Weaver* v. *Territory,* 14 Ariz. 268, 127 Pac. 724; *Kinnan* v. *State,* 86 Neb. 234, 21 Ann. Cas. 335, 27 L. R. A. (n. s.) 478, 125 N. W. 594; *Commonwealth* v. *Poindexter,* 133 Ky. 720, 118

S. W. 943; *Prindle* v. *State,* 31 Tex. Cr. 551, 37 Am. St. Rep. 833, 21 S. W. 360; *Lewis* v. *State,* 36 Tex. Cr. 37, 61 Am. St. Rep. 831, 35 S. W. 372; *Mitchell* v. *State,* 49 Tex. Cr. 535, 95 S. W. 500; *Harvey* v. *State,* 55 Tex. Cr. 199, 115 S. W. 1193.) The law has long been settled in England that the facts alleged in the information at bar are not sufficient to constitute "the infamous crime against nature." (*Rex* v. *Jacobs,* Russ. & R. C. C. 331.)

MR. CHIEF JUSTICE BRANTLY delivered the opinion of the court.

To an information charging him with the offense denounced by the statute as the infamous crime against nature, the defendant interposed a general demurrer which the court sustained. Thereupon judgment was rendered dismissing the prosecution.. The state has appealed.

We shall not set forth the charge in detail. It suffices for [1] present purposes to state that it alleges that the defendant committed the offense by taking into his mouth by force the private member of another male person. The learned district judge was of the opinion that such an act is not within the meaning of the statute. It declares: "Every person who is guilty of the infamous crime against nature, committed with mankind or with any animal, is punishable by imprisonment in the state prison not less than five years." (Rev. Codes, sec. 8359.) Section 8360 declares further: "Any sexual penetration, however slight, is sufficient to complete the crime against nature." The conclusion of the district judge is, we must confess, in accord with the views of text-writers and courts which assume that, since the statute embodies the common-law definition of the crime of sodomy (4 Blackstone, 215), it denounces as crimes only those acts which were 'punishable as such in England, and, inasmuch as the crime at common law could be consummated with mankind only by penetration through the *anus,* the act charged here is not a violation of the statute. This view is founded upon the case of *Rex* v. *Jacobs,*

Russ. & R. C. C. 331. In that case the defendant had been convicted upon proof that he had consummated the act of copulation in the same manner as that charged here. The question submitted to the judges was whether this was sodomy. They declared that it was not and directed a pardon to be applied for. The case does not give any information as to why this conclusion was reached. On the other hand, the rule was, we apprehend, as stated by Hawkins in Chapter IV, Book I, of his Pleas of the Crown, as follows: "All unnatural carnal copulation, whether with man or beast, seem to come under the notion of sodomy, which was felony by the ancient common law." If this was the rule, then not only is the case of *Rex* v. *Jacobs,* but the interpretation given by the courts of the several states to their statutes which are identical, or substantially identical with ours, declaring that the crime can only be committed by penetration through the *anus,* in direct conflict with it. In denouncing the crime, the legislature concluded that it was so well understood by every intelligent person that mere mention of it by name would be sufficient. Every intelligent adult person understands fully what the ordinary course of nature demands or permits for the purpose of procreation, and that any departure from this course is against nature. It therefore seems to be trifling with our intelligence to say that copulation accomplished by the use of the *anus* is against nature, whereas the same act accomplished by the use of the mouth is not. This view contravenes common sense. It would be just as appropriate to say that the term "mankind," as used in the statute, requires the prohibited act, in order to be a crime, to be accomplished upon a male person, whereas the term includes the female as well as the male.

On this subject, in *State* v. *Start,* 65 Or. 178, 46 L. R. A. (n. s.) 266, 132 Pac. 512, the supreme court of Oregon said: "In the order of nature the nourishment of the human body is accomplished by the operation of the alimentary canal, beginning with the mouth and ending with the *rectum.* In this process food enters the first opening, the mouth, and residuum

and waste are discharged through the nether opening of the rectum. The natural functions of the organs for the reproduction of the species are entirely different from those of the nutritive system. It is self-evident that the use of either opening of the alimentary canal for the purpose of sexual copulation is against the natural design of the human body. In other words, it is an offense against nature. There can be no difference in reason whether such an unnatural coition takes place in the mouth or in the fundament—at one end of the alimentary canal or the other. The moral filthiness and iniquity against which the statute is aimed is the same in both cases. Each is rightfully included in the true scope and meaning of the common-law definition quoted above from Hawkins.'' This statement not only recognizes and applies the rule as stated by Sergeant Hawkins, *supra,* but also the dictates of common sense.

It was well said in *Commonwealth* v. *Poindexter,* 133 Ky. 720, 118 S. W. 943, in which the question was whether sodomy could be accomplished by penetration through the mouth: "We must confess that we are unable to see why the act with which appellees stand charged is not as much a crime against nature as if done in the manner sodomy is usually committed.'' After this utterance, however, the court proceeded to say, in effect, that it yielded its judgment to the authority of precedent as established by *Rex* v. *Jacobs, supra,* and the text-writers and courts which have recognized it as controlling, and held that penetration by the mouth was not criminal.

We shall not stop to comment upon the many cases cited by counsel for the defendant. They will be found collated in *State* v. *Johnson,* 44 Utah, 18, 137 Pac. 132, and *Kinnan* v. *State,* 86 Neb. 234, 21 Ann. Cas. 335, 125 N. W. 594, with the note thereto in 27 L. R. A. (n. s.) 478. That numerically considered they preponderate in favor of the judgment of the district court, we are, as we have said, compelled to admit; but that they commend themselves to a judgment founded on common

sense enlightened by the observation and experience of the average man, we deny.

Section 8360 declares "any sexual penetration" is sufficient, which we take to mean penetration to any extent by any means. It means this if it means anything; and conceding that section 8359, standing alone, must be interpreted by the rule applied by the trial court, section 8360 broadens its application so as to make it include the act in question here, without regard to the so-called common-law rule.

Several of the courts have declined to restrict the reach of the statute and have declared that it covers all cases of sexual connection accomplished with mankind by any other means than that indicated by nature. In addition to *State* v. *Start, supra,* we cite and approve: *Honselman* v. *People,* 168 Ill. 172, 48 N. E. 304; *Kelly* v. *People,* 192 Ill. 119, 85 Am. St. Rep. 323, 61 N. E. 425; *State* v. *Whitmarsh,* 26 S. D. 426, 128 N. W. 580; *Herring* v. *State,* 119 Ga. 709, 46 S. E. 876. To our minds, the reasoning of these cases is conclusive. In *Honselman* v. *People,* in which the facts disclosed that the defendant had used the same means to consummate the sexual act as here, the court said: "The method employed in this case is as much against nature, in the sense of being unnatural and against the order of nature, as sodomy or any bestial or unnatural copulation that can be conceived. It is within the statute."

The judgment is reversed, and the cause remanded for further proceedings.

*Reversed and remanded.*

MR. JUSTICE SANNER and MR. JUSTICE HOLLOWAY concur.


ON MOTION FOR REHEARING.

MR. CHIEF JUSTICE BRANTLY delivered the opinion of the court.

In his petition for a rehearing, counsel for the defendant earnestly insists that the court fell into error in reversing the

judgment, and, to support this contention, cites section 9412 of
[2]  the Revised Codes, relating to argument on appeals in
criminal cases, which declares: "The judgment may be affirmed
if the appellant fail to appear, but can be reversed only after
argument, though the respondent fail to appear." In his argu-
ment submitted with the petition he says, "The language of
the above section is too plain to admit of construction," and
then proceeds to draw the conclusion that, since at the time
the appeal was submitted it was not argued orally on both
sides, a reversal of the judgment was erroneous. As we read
the statute, it declares nothing more nor less than that, if the
appellant fails to disclose to the court by appropriate argument
wherein the district court has committed prejudicial error, the
judgment may be affirmed but not reversed. In other words,
if the appellant does not deem it of sufficient importance to
himself to file a brief or point out in his argument wherein he
is entitled to relief, the court must regard the appeal as
abandoned and treat it accordingly. The statute includes the
state as well as the private citizen. It does not designate the
kind of argument required, and it has always been deemed
sufficient to impose upon this court the duty to examine the
appeal upon its merits, if the rule requiring the filing of a
brief by the appellant has been complied with. The statute
contemplates the possible absence of the respondent. Of course,
it does not mean that, if the state fails to appear when it is
respondent, the convicted appellant shall not be relieved, by
reversal, from the erroneous judgment of conviction. Neither
does it mean that, though the defendant, when he is respondent,
fails to appear, the state may not have such relief as the merits
of the case permit, provided it appears and by argument makes
the error of the trial court apparent. Otherwise the appellant
in any criminal case would be wholly at the mercy of the
respondent. Argument, whether written or oral and whether
participated in by an adversary or not, is nevertheless "argu-
ment" within the meaning of the statute. Here counsel for
the state and defendant both filed printed briefs. When the

case was submitted, counsel expressly waived oral argument because of the nature of the case, submitting it on the argument contained in their briefs. This they had a right to do. The court was thereupon required to decide it upon the merits and reverse or affirm the judgment, just as it would have done if there had been full oral argument. Counsel has not cited any case directly in point, but those cited by him (*People* v. *Albitre,* 153 Cal. 367, 95 Pac. 653; *People* v. *Whaley,* 12 Cal. App. 542, 107 Pac. 1011; *People* v. *Watson,* 19 Cal. App. 333, 126 Pac. 177) assume that the meaning of the statute is that we have assigned to it.

Counsel insists that our decision necessarily overrules the case of *State* v. *Chandonette,* 10 Mont. 280, 25 Pac. 438. There is nothing in that case inconsistent with the construction we have given the statute defining the crime charged. The only question determined was whether the indictment was sufficient. It was held that the common-law form is sufficient. This was equivalent to saying merely that it is sufficient to charge the crime in the language of the statute, and that it is not necessary to allege the mode or manner of its commission. It is settled law in this state that an indictment or information charging murder is sufficient, though it does not allege facts showing how or by what means the homicide was accomplished. (*State* v. *McGowan,* 36 Mont. 422, 93 Pac. 552; *State* v. *Hayes,* 38 Mont. 219, 99 Pac. 434; *State* v. *Crean,* 43 Mont. 47, Ann. Cas. 1912C, 424, 114 Pac. 603.) The manner or means of accomplishment is a matter of proof, just as are the elements of deliberation and premeditation. (*State* v. *Nielson,* 38 Mont. 451, 100 Pac. 229.) If the manner or means is a matter of proof and need not be alleged in the one case, there is no compelling reason why it should be alleged in the other. In either case the right of the defendant to "demand the nature and cause of the accusation" (Const., Art. III, sec. 16) has been accorded to him, though a description of the manner or means is not alleged.

51 Mont.—17

Counsel makes other points in the petition, but these, we think, have been disposed of by the original opinion. A rehearing is denied.

*Rehearing denied.*

MR. JUSTICE SANNER and MR. JUSTICE HOLLOWAY concur.

