STATE OF MONTANA, Plaintiff and Appellant, *v.* RAY-MOND L. DUNCAN, Defendant and Respondent.

No. 9655.

Submitted October 11, 1956. Decided January 5, 1957.

305 Pac. (2d) 761.

Mr. Arnold H. Olsen, Atty. Gen., Mr. Louis Forsell, Asst. Atty. Gen., and Mr. John C. Harrison, County Atty., Helena, for appellant.

Mr. Paul T. Keller and Mr. Melvin E. Magnuson, Helena, for respondent.

MR. CHIEF JUSTICE ADAIR:

On October 25, 1954, there were present in the district court of Lewis and Clark County, Montana, before the Honorable George W. Padbury, Jr., district judge presiding, the State of Montana by Gerald L. Crowley, then the county attorney of said county, and the accused, Raymond L. Duncan, who was present in person and also by his counsel Melvin E. Magnuson. The following proceedings were then and there had and done, viz.:

The county attorney subscribed and presented to said district court a duly verified information against Raymond L. Duncan, the accused, for manslaughter, charging that on or about October 7, 1954, in said county, the accused unlawfully and feloniously killed a named five-year old boy and, on leave granted by said district judge, the information was filed in said court and a copy thereof was then and there served upon and delivered to Raymond L. Duncan, the accused, who in open court answered to his true name, waived the time for entering his plea, entered a plea of ''Not Guilty'' to the accusation made against him in the information and was released upon a bail bond of $1,000 approved by said district judge, whereupon, the cause being at issue, R.C.M. 1947, section 94-7001, subdivision 1, was ordered to be set for trial at the next jury term of said court.

No question was then raised as to the sufficiency of the information to properly inform the accused of the offense charged in order to enable him to prepare his defense; nor does it ap-

pear that at that time either the accused or his able and experienced counsel had any difficulty whatever in understanding and knowing that the accused was charged with having committed manslaughter in that, at the time and place specified, he did unlawfully and feloniously kill the named five-year old boy.

As a former county attorney of Lewis and Clark County counsel for the accused was thoroughly familiar with the laws of this jurisdiction governing crimes and criminal procedure and he well knew that the only pleading on the part of the accused is either a demurrer or a plea, both of which must be put in, in open court, either at the time of the arraignment or at such other time as may be allowed to the accused for that purpose. R.C.M. 1947, sections 94-6701 and 94-6702.

More than four months passed after the arraignment and entry of the plea with no attempt to challenge the sufficiency of the information and then, on March 8, 1955, the district court granted the accused leave to withdraw his plea of ''Not Guilty'' so entered on October 25, 1954, and to submit a demurrer thus for the first time challenging the sufficiency of the information. See R.C.M. 1947, sections 94-6701 to 94-6711, inclusive.

The demurrer was made and based on the grounds: (1) That the information fails to state facts that constitute a public offense; (2) that it fails to substantially conform to the requirements of R.C.M. 1947, sections 94-6403 to 94-6405, inclusive; (3) that it fails to contain a statement of the facts constituting the offense, in ordinary and concise language and in such manner as to enable the accused, being a person of common understanding, to know what is intended; (4) that it is not direct and certain as regards the offense charged in that it cannot be ascertained therefrom the means or manner in which it is alleged that the accused killed the boy, Duane Leslie Egge; (5) that it is not direct and certain as regards the offense in that it can not be ascertained from the information what act or acts of Duncan, the accused, form the basis for complaint; and (6)

that it is not direct and certain as regards the offense charged in that it cannot be ascertained therefrom what particular acts Duncan, the accused, is charged with committing or what particular acts he is charged with failing to perform in the commission of the offense of which he is accused.

On November 9, 1955, being more than a year after the filing of the information, the demurrer thereto was orally argued to the district court by both counsel for the state and counsel for the accused at the conclusion whereof Judge Padbury gave and caused to be entered judgment for Raymond L. Duncan, the accused, wherein it was adjudged that the demurrer to the information be sustained; that the case be dismissed and that the bondsmen for the accused be exonerated.

This is an appeal by the state from the judgment so entered. The appeal is taken pursuant to the provisions of R.C.M. 1947, section 94-8104, subdivision 1.

The state here contends that the information herein is sufficient and that the trial court erred in sustaining the demurrer thereto and in rendering the above judgment for the accused.

The information, omitting the endorsements thereon showing the filing date, the amount of the bail, the names of the state's fourteen witnesses and the verification, is as follows:

"State of Montana,                              No. 2905

      against                              Information

"Raymond L. Duncan,

    Defendant.

"In the District Court of the First Judicial District of the State of Montana, in and for the County of Lewis and Clark, on this 25th day of October A.D. 1954 in the name and on behalf and by authority of the State of Montana, Raymond L. Duncan is accused by the County Attorney of Lewis and Clark County, Montana, by this information of the crime of Manslaughter committed as follows: That at the County of Lewis and Clark, in the State of Montana, on or about the 7th day of October A.D. 1954, and before the filing of this information, the said Raymond L. Duncan did then and there wilfully,

wrongfully, unlawfully, knowingly and feloniously kill one Duane Leslie Egge, a human being of the age of five years, contrary to the form, force and effect of the statute in such case made and provided and against the peace and dignity of the State of Montana.

"Duly verified.

> Gerald L. Crowley, County
> Attorney of Lewis and Clark
> County, Montana."

The sufficiency of every information is to be tested by the rules prescribed by the Penal Code. State v. Stickney, 29 Mont. 523 at page 528, 75 Pac. 201; R.C.M. 1947, sections 94-6401, 94-6403, 94-6404, 94-6405 and 94-6412.

The information in the instant case is in the form recommended and prescribed by the legislature in R.C.M. 1947, section 94-6404. It complies with all the requirements of R.C.M. 1947, sections 94-6403, and 94-6405 and it meets and satisfies each test provided in R.C.M. 1947, section 94-6412, for determining its sufficiency.

Specifically the information follows in form and substance the information approved and held sufficient by this court in State v. Gondeiro, 1928, 82 Mont. 530, 535, 268 Pac. 507, 511, which information charged that the defendant "on or about the 14th day of August, A.D. 1927, at the County of Cascade, in the State of Montana, and before the filing of this Information did commit the crime of manslaughter in this: That the said defendant did wilfully, unlawfully and knowingly and feloniously kill one Mary Bykari, a human being, contrary to the form, force and effect of the statute in such cases made and provided, and against the peace and dignity of the State of Montana."

For more than a quarter of a century the bench and bar of this state have relied upon the stamp of approval given by this court to the information used in the Gondeiro case, supra, where this court said that it saw no reason why the rule theretofore adopted by the California courts in manslaughter cases should

not be approved "and we do so without hesitation, and hold the information in this case sufficient."

In State v. Souhrada, 1949, 122 Mont. 377, 380, 204 Pac. (2d) 792, 793, the information accused the defendant Souhrada "of the crime of manslaughter committed as follows:

"That at the County of Big Horn, State of Montana, on or about the 30th day of August A.D. 1947, and before the filing of this information, the said defendant did, wilfully, kill three human beings, to-wit; Sam Reddings, Jr., Shirley Redding and Marie Baker, Contrary to the form, force and effect of the statute in such case made and provided and against the peace and dignity of the State of Montana."

Of such information this court said, "The information was set forth in form, as approved by this court in the case of State v. Gondeiro, 82 Mont. 530, 268 Pac. 507."

In State v. Bosch, 1952, 125 Mont. 566, 242 Pac. (2d) 477, the information charged that the defendant Bosch, "on or about the 26th day of September, A.D. 1949, at the County of Yellowstone and State of Montana, committed the crime of Manslaughter, in that the said W. P. Bosch, then and there being, did, then and there, wilfully, wrongfully, unlawfully, knowingly and feloniously, kill one Lewis Glenn Voeltz, a human being, contrary to the form, force and effect of the statute in such case made and provided, and against the peace and dignity of the State of Montana."

In State v. Strobel, Mont. 1956, 304 Pac. (2d) 606, the information accused the defendant Strobel "with the crime of manslaughter, a felony, committed in the County of Sweet Grass, State of Montana, as follows, to-wit:

"That is to say that the said Frances Strobel in the County of Sweet Grass, State of Montana, on or about the 25th day of October, A.D., 1953, and before the filing of this information, did, then and there wilfully, unlawfully and feloniously kill one Gerald Little, a human being.

"All of which is contrary to the form, force and effect of

the Statute in such case, made and provided and against the peace and dignity of the State of Montana."

In Johnson v. Herring, 1931, 89 Mont. 156, 173, 295 Pac. 1100, 1105, this court said:

"In recent years this court has declined to follow the ancient rules of pleading in criminal matters requiring the pleading of facts with such particularity as often to amount to an absurdity (State v. Gondeiro, 82 Mont. 530, 268 Pac. 507) * * *"

In State v. Shannon, 1933, 95 Mont. 280, 285, 26 Pac. (2d) 360, 362, this court said:

"* * * Courts generally hold that an information is sufficient when it literally or substantially follows the language of the statute. 15 C.J. 367. The modern tendency of criminal procedure has been distinctly towards simplification. Informations charging murder were formerly lengthy and verbose; finally, this court in State v. McGowan, 36 Mont. 422, 93 Pac. 552, and State v. Hayes, 38 Mont. 219, 99 Pac. 434, recognized the simpler and more liberal rule, a rule which it, after twenty years of experience, declared wise and salutory. State v. Gondeiro, 82 Mont. 530, 268 Pac. 507, 511."

In State ex rel. Borberg v. District Court, 1952, 125 Mont. 481, 490, 240 Pac. (2d) 854, 859, this court said: "The law disregards trifles, section 49-125, and in a criminal complaint, information or indictment it does not require particularity to the point of absurdity." (Citing cases.)

In State v. Heaston, 1939, 109 Mont. 303, 307, 97 Pac. (2d) 330, 332, the accused was convicted by a jury of first degree murder upon an information which charged:

" 'The said William J. Heaston, on or about the 24th day of July A.D. 1938, at the County of Beaverhead, State of Montana, did then and there wilfully, unlawfully, feloniously, deliberately, premeditatedly, and of his deliberate, premeditated malice aforethought kill and murder one Joseph W. Potts, a human being.' * * *"

On appeal the convicted man's counsel challenged the suf-

ficiency of the information but this court held the information good and said:

"Counsel further urges that the information is faulty in that it does not state the means or the manner by which the offense was committed. This court has passed on that a number of times, and we do not propose to go into it at length again. The information need not state the means by which the killing was done. State v. Hayes, 38 Mont. 219, 99 Pac. 434; State v. Nielson, 38 Mont. 451, 100 Pac. 229; State v. Guerin, 51 Mont. 250, 152 Pac. 747."

The information in the instant case is sufficient. It is good. ▆▆ Accordingly the court's orders and its judgment sustaining the demurrer to the information and dismissing the case against the appellant as well as exonerating his bondsmen are hereby set aside, vacated, annulled, disallowed and denied and the cause is remanded to the district court for prosecution and further proceedings not inconsistent with this opinion. It is so ordered.

MR. JUSTICES ANDERSON, DAVIS and BOTTOMLY, concur.

MR. JUSTICE ANGSTMAN: (concurring in the result).

I agree with the result reached in the foregoing opinion but not with all that is said in it.