## TERRITORY OF MONTANA, respondent, *v.* WHITCOMB et al., appellants.

CRIMINAL LAW—*fornication.* Fornication is the carnal and unlawful intercourse of an unmarried person with the opposite sex.

CRIMINAL LAW—*adultery.* Adultery is the unlawful sexual intercourse, or open and unlawful living together of a man and woman, when one or both of them are married.

CRIMINAL LAW—*evidence of fornication—unmarried.* A party, who has been indicted for the crime of fornication, cannot be convicted unless it is alleged and proved that he was unmarried at the time specified in the indictment.

JURY—*private knowledge of facts—verdict.* A juryman must render his verdict according to the testimony legally produced in open court at the trial, and disregard his private knowledge or belief.

*Appeal from the Third District, Lewis and Clarke County.*

WHITCOMB was tried by a jury in March, 1871, before WARREN, J., and found guilty under an indictment drawn upon the following statute: "Any man and woman who shall live together in an open state of adultery or fornication, shall be indicted, and, on conviction, shall be fined in any sum * * * or imprisoned" * * * . Crim. Prac. Act, § 127; Acts 1865, 208.

The facts are stated in the opinion.

W. F. SANDERS and LAWRENCE & HEDGES, for appellant.

Only one day is named in the indictment as the day of the commission of the offense. No single instance of fornication would support the indictment. 2 Bish. on Crim. Law, §§ 26, 28; *Commonwealth v. Tubbs,* 1 Cush. 2. A living together one day in an open state of fornication would not complete the offense charged in the indictment. The prosecution having selected a certain day, must confine the evidence to that date. *Commonwealth v. Wood,* 4 Gray, 13.

The offense charged is made up of a series of acts. Evidence was admitted tending to show that defendant was guilty on other days than that specified. Time enters into the essence of this offense and fixes its identity. *Commonwealth v. Adams,* 4 Gray, 27; *Commonwealth v. Pray,* 13 Pick. 364; *Commonwealth v. Briggs,* 11 Metc. 573; *Commonwealth v. Elwell,* 1 Gray, 463; *Commonwealth v. Perley,* 2 Cush. 559; Roscoe on Crim. Ev. 84. How can appellant defend himself by this judgment on his plea of former conviction?

The instructions of the court respecting the proof of the unmarried condition of appellant were erroneous. The jury were allowed to form their opinion on material facts without evidence.

J. A. JOHNSTON, District Attorney, Third District, and J. H. SHOBER, for respondent.

The offense charged may be charged as committed on a

day named. No continuando is necessary. The living together, as set forth in the indictment, was a question of fact for the jury. 2 Bish. on Crim. Pr., §§ 24, 29 ; *Hinson* v. *State*, 7 Mo. 244.

WADE, C. J. This case is here upon appeal from the judgment and verdict in the court below, and from the order overruling a motion for a new trial.

This is an indictment for fornication, drawn upon the one hundred and twenty-seventh section of the "Act concerning crimes and punishments," Statutes 1865, p. 209, wherein it is alleged that on the 20th day of January, 1869, at the county of Lewis and Clarke, the defendants Edward Whitcomb and Catharine Durgen did then and there unlawfully live together in an open state of fornication, the said Whitcomb being then and there a single and unmarried man, and the said Durgen being then and there a single and unmarried woman.

This was the separate trial of the defendant Whitcomb. Among the errors complained of, as shown by the record, are the following :

1. The refusal of the court to give the following instruction to the jury, asked for on behalf of the defendant: "The jury are instructed that it devolves upon the prosecution to prove every material allegation necessary to constitute the crime charged ; that it is a material point to prove that the parties charged were not intermarried ; and that, in the absence of any testimony upon that point, the jury cannot presume that the defendants were associating unlawfully."

2. The giving of the following instruction to the jury, asked for by the prosecution : "That it devolves upon the prosecution to prove every material allegation necessary to constitute the crime charged ; that it is a material point that the jury should believe that the parties charged were not intermarried, and, if there is a reasonable doubt upon that point, the jury cannot presume that the defendants were associating unlawfully, in case there is evidence sufficient

to raise a reasonable doubt in the mind of the jury upon that point."

It was necessary to aver in the indictment, and to prove upon the trial, that the defendant was single and unmarried; for the meaning of the term "fornication" is the carnal and illicit intercourse of an unmarried person with the opposite sex. It is impossible for a married man and a married woman to commit fornication. Unlawful sexual intercourse, and open and unlawful living together of a married man and married woman, or where either are married, and thus have intercourse or live together, is adultery; and the same state of facts existing between unmarried persons, man and woman, is fornication.

We have carefully examined the record of evidence and testimony in this case, and we find that, upon the trial of this case, there was no testimony offered or received, showing, or tending to show, that these defendants were not married at the time the crime is alleged to have been committed.

If they were living together in an open and notorious manner, it would be but a reasonable presumption to presume that they were so living lawfully and as they had a right to do, and, in the absence of any proof to show that they were unmarried, a conviction for fornication ought to be impossible. Even the married condition of either of the parties would change the nature of the crime, so that the married or unmarried condition of these defendants, or either of them, was a most material inquiry upon the trial, and the absence of any proof upon the subject renders a conviction legally impossible.

The foregoing instruction asked for and given, on behalf of the prosecution, is inherently wrong. It will be observed that it authorizes the jury to form an opinion as to the married or unmarried condition of these defendants, from their own knowledge and belief, in the absence of any testimony on the subject.

It is an old and familiar doctrine that juries must have or form no belief, except what they believe from the testi-

mony produced before them at the trial. Any other rule would destroy this guardian of our rights and liberties — the trial by jury. The jury must believe from the testimony, legally produced before them in open court, and from that alone ; and any instruction of the court that permits the private belief or private knowledge of a juryman to sway his findings or his judgment is wrong and beyond remedy.

The judgment of the court below is set aside, and a new trial granted.

*Exceptions sustained.*