Hon. Thos. C. Bach,
Hon. William J. Galbraith, } Associate Justices.
Hon. James H. McLeary,

Territory, appellant, v. Jaspar et al., respondents.

*Under an indictment for fornication the prosecution is not required to prove a negative.* An indictment under sec. 146, subdivision second, fourth division, rev. stat. Mont. (sec. 161, subdivision second, fourth division, Comp. Stat. Mont.), alleged that at the time and place mentioned therein, Leslie E. Jaspar, "an unmarried man, and Ellen Sims, an unmarried woman, on divers days, times and occasions, at and before the time last aforesaid, did willfully and unlawfully bed, cohabit and live together. and have carnal knowledge of each other, without then and there being married, and did then and there commit fornication." *Held,* that upon trial of said indictment, proof that the parties are living together unlawfully, not being married to each other, makes out the crime of fornication; and that the prosecution is

Vol. VII—1

not obliged to prove further that the parties were not married to other persons.  *Territory* v. *Whitcomb*, 1 Mont. 359, distinguished and the following language therein: "Even the married condition of either of the parties would change the nature of the crime; so that the married or unmarried condition of these defendants, or either of them, was a most material inquiry upon the trial, and the absence of any proof upon the subject renders a conviction legally impossible,"—Held, erroneous in so far as it may be construed to mean that where parties are shown to be living together unlawfully and not married to each other, the prosecution must introduce evidence proving or tending to prove that they, or either of them, are not married to another person or persons.

*Appeal from District Court, Yellowstone County.*

S. H. WILDE, co. attorney, for the appellant,

JOHN McGINNESS, for the respondents.

The opinion states the case.

GALBRAITH, J.   This is an appeal from an order sustaining a motion to dismiss the prosecution, for the reason that the appellant had failed to establish by proof a material allegation of the indictment.  The indictment alleged that the respondents were guilty of the offense of fornication, in violation of sec. 146, Crim. Laws (division 4, Rev. Stat. 1879.)  This section, among other things, provides that, " if any unmarried man shall live and cohabit with an unmarried woman," it shall be a misdemeanor.  The allegation of the indictment was that, at the time and place mentioned therein, Leslie E. Jasper, " an unmarried man, and Ellen Sims, an unmarried woman, on divers days, times and occasions, at and before the time last aforesaid, did willfully and unlawfully bed, cohabit and live together, and have carnal knowledge of each other, without then and there being married, and did then and there commit fornication."

The testimony in the record discloses, and the motion substantially admits, that the respondents were not intermarried, but it insists still further that the prosecution must show that they were not married to some other

person. It is true that where parties are living and cohabiting together in an open and notorious manner, in the absence of any testimony to show that they were not married to each other, the presumption is that they are living together lawfully. But where the proof is that they are not married to each other, and yet are living together, to hold that the prosecution must prove further that they are not guilty of another public offense, viz., adultery, by showing that they are not married to any other person, is presuming that they are guilty of adultery. It is requiring that the prosecution shall prove a negative, viz., that they are not committing adultery. When the proof has established the fact that the parties are living together unlawfully, not being married to each other, as in this case, this by itself makes out the crime of fornication. The presumption, in the absence of proof of marriage, is that persons are single and unmarried. Marriage must be proved, not presumed. Therefore, when the only evidence is that the persons prosecuted are living together unlawfully, and there is no proof of marriage, this presumption attaches, and the offense is fornication. To require the prosecution to prove marriage of either of the parties to any other person is to exact proof of a negative, which would be often impossible. The means of such proof are almost wholly in the power of the party accused. Such a requirement would virtually annul the above law, so far as it relates to unmarried persons, and defeat the legislative will.

This view of the case does not necessarily conflict with that of this court in *Territory* v. *Whitcomb*, 1 Mont., 359. In that case the decision of the court was based upon the failure of the prosecution to show that the defendants were not married to each other. But in that case the judge rendering the opinion of the court used the following language: "Even the married condition of either of the parties would change the nature of the crime; so that

the married or unmarried condition of these defendants, or either of them, was a most material inquiry upon the trial, and the absence of any proof upon the subject renders a conviction legally impossible." It is evident that this language may have easily misled the court below in sustaining this motion. But in so far as this language may be construed to mean that where parties are shown to be living together unlawfully, and not married to each other, the prosecution must introduce evidence proving, or tending to prove, that they, or either of them, are not married to another person or persons, is erroneous.

The action of the court in sustaining the motion to dismiss is reversed, with costs.

*Judgment reversed.*

McCONNELL, C. J., and McLEARY, J., concur.