————o————

## THE PEOPLE v. SYLVESTER CEASE.

*Criminal law—Information for incest—Evidence.*

1. An information for incest, which charges the respondent, a married man, with having had sexual intercourse with his daughter, need not allege that he committed the crime of adultery; nor is it defective because he is charged with having committed the crime of fornication in so doing.

2. Evidence of prior acts of sexual intercourse between a father and his daughter is admissible on his trial for the crime of incest committed at a later date.

Error to Alpena. (Kelley, J.) Argued May 1, 1890. Decided May 9, 1890.

Respondent was convicted of incest, and sentenced to State prison for 15 years. Affirmed. The facts are stated in the opinion.

*Sleator & Greening*, for respondent.

*B. W. Huston*, Attorney General, and *James McNamara*, Prosecuting Attorney, for the people.

GRANT, J. The respondent was convicted of incest, and sentenced to the State prison for 15 years.

The information charged him with having committed

the crime of fornication with one Elizabeth Ann Cease, she, the said Elizabeth Ann Cease, being then and there the daughter of the said Sylvester Cease. It appeared upon the trial that the respondent was a married man at the time of the commission of the offense. The statute reads as follows:

"All persons being within the degree of consanguinity within which marriages are prohibited, or declared by law to be incestuous and void, who shall intermarry with each other, or who shall commit adultery or fornication with each other, shall be punished by imprisonment in the State prison not more than fifteen years, or in the county jail not more than one year." How. Stat. § 9291.

It is now contended in his behalf that the information is fatally defective because it did not allege that he committed adultery, instead of fornication. The gist of the offense was the act of sexual intercourse with his own daughter. He could not have been prejudiced by the averment that the act which constituted the crime was fornication instead of adultery. We are not inclined to set aside convictions on such a naked technicality. The case to which we are cited by respondent's counsel, *Territory v. Whitcomb*, 1 Mont. 359 (2 Amer. Crim. R. 159), has no application whatever to the case at bar. The offense charged in that case was fornication; and it would, of course, be necessary to allege and prove that both parties were unmarried. It was unnecessary to allege that the respondent committed adultery or fornication, inasmuch as the information distinctly charged him with the act which constituted the crime of incest. The case falls within the rule laid down in *Hicks v. People*, 10 Mich. 395.

It is also contended that the court erred in admitting evidence of prior acts of sexual intercourse between the respondent and his daughter. This evidence comes

directly within the rule established in *People v. Jenness,*
5 Mich. 305, where the subject is discussed with great
ability by Mr. Justice CHRISTIANCY, and the conclusion
reached approved by Justices MANNING, MARTIN, and
CAMPBELL.

Judgment is affirmed.

The other Justices concurred.