POWELL, APPELLANT, v. MAY ET AL., RESPONDENTS.

(No. 1,683.)

(Submitted October 16, 1903.   Decided November 4, 1903.)

*Appeal—Record on Appeal — Judgment Roll—New Trial—
Denial—Statement—Certificate—Appeal from Order Deny-
ing a New Trial—Time—Dismissal.*

1.   Under Code of Civil Procedure, Section 1196, a statement on motion for
     a new trial is no part of the judgment roll.
2.   Where the statement on motion for a new trial is not certified by the clerk
     of the trial court to be a correct copy of the original, it cannot be consid-
     ered on an appeal from an order denying the motion for a new trial.
3.   Where the record discloses that more than sixty days had elapsed from the
     entry of the order overruling a motion for a new trial to the giving of the
     notice of appeal therefrom, such attempted appeal will be dismissed.

*Appeal from District Court, Ravalli County; F. H. Woody,
Judge.*

ACTION by Rees Powell against Albert May and others. From
a decree in favor of defendants, and from an order denying a
new trial, plaintiff appeals. Affirmed.

*Rees Powell, in propria persona.*

MR. COMMISSIONER CLAYBERG prepared the opinion
for the court.

This is an appeal from a decree settling certain water rights, and from an order overruling appellant's motion for a new trial.

1.   In appellant's brief we find the following statement: "The only question presented for consideration by the record is the sufficiency of the evidence to sustain the findings as made. There is no question of law presented for consideration." The evidence which appellant claims is insufficient is contained in what purports to be a statement on motion for a new trial, which is not in any way or manner certified to this court. The clerk's certificate to the transcript is in the following language: "I, J. F. Cone, clerk of the district court of the Fourth judicial district of the state of Montana, in and for the county of Ravalli, do hereby certify that the transcript on appeal herewith submitted, wherein Rees Powell is appellant and Albert May *et al.* are respondents, to be a true, full and correct copy of the judgment roll in said action as it appears on file in my office."

Section 1196, Code of Civil Procedure, provides that "the pleadings, a copy of the verdict of the jury, or finding of the court, or referee, all bills of exceptions taken and filed, all orders, matters and proceedings deemed excepted to without bill of exceptions, and a copy of any order made on demurrer, or relating to a change of parties, and a copy of the judgment" constitute the judgment roll. The statement on motion for a new trial is therefore no part of the judgment roll at all.

Section 1738, Code of Civil Procedure, provides that "on an appeal from an order granting or refusing a new trial, the appellant must furnish the court with a copy of the notice of appeal, of the order appealed from, and of the papers designated in Section 1176 of this Code." Section 1176 provides: "The judgment roll, and the affidavits, or bill of exceptions or statement, as the case may be, used on the hearing, with a copy of the order made, shall constitute the record to be used on appeal from the order granting or refusing a new trial." Section 1739, Code of Civil Procedure, provides: "The copies provided in the last three sections must be certified to be correct by the clerk or the attorneys."

The statement on motion for a new trial, not being certified to this court by the clerk of the court below to be a correct copy of the original on file in said court, cannot be considered by this court on this hearing. This leaves a record consisting only of the judgment roll, which contains no evidence at all. We therefore are unable to consider the point raised as to the sufficiency of the evidence.

2. Again, the record discloses that the order overruling the motion for a new trial was made on the 3d day of December, 1900. Notice of appeal from this order was served on the 6th day of April, 1901. Appeals from orders granting or refusing new trials must be taken within sixty days from the date of the order appealed from. (Section 1723, Code of Civil Procedure, Laws of 1899, p. 147.) Inasmuch as more than sixty days had elapsed from the entry of the order to the giving notice of appeal, appellant's appeal from the order refusing the motion for a new trial must stand dismissed.

The respondents in the case have not appeared in this court, and therefore we have considered it our duty to investigate the record, and ascertain whether the case is properly before us for hearing.

No errors in law being charged or asserted, and the record presenting an appeal only from the judgment, we advise that the same be affirmed.

Per Curiam.—For the reasons stated in the foregoing opinion, the judgment appealed from is affirmed.