[Crim. No. 1010.   Department Two.—January 14, 1904.]

## THE PEOPLE, Respondent, v. W. S. STRATTON, Appellant.

CRIMINAL LAW—INCEST—SUFFICIENCY OF INFORMATION.—An information for incest, charging that the defendant did willfully, unlawfully, and feloniously have sexual intercourse with a certain female child named, she being then and there the daughter of the defendant, fully apprised the defendant of the charge he was called upon to meet, and is sufficient.

ID.—EVIDENCE OF DAUGHTER—FORCED SEXUAL INTERCOURSE.—Evidence of the daughter with whom the sexual intercourse was had by the defendant was admissible to prove frequent and repeated acts of sexual intercourse forced upon her by her father.

ID.—CROSS-EXAMINATION—INTERCOURSE WITH OTHER PERSONS.—A question asked upon cross-examination of the daughter, whether she had had sexual intercourse with other persons, was properly disallowed. Such proof would not tend to mitigate the offense.

ID.—TESTIMONY OF PHYSICIAN—CONDITION OF DAUGHTER—CORROBORATION OF HER TESTIMONY—REBUTTAL.—The testimony of a physician,

received subsequently to the daughter's testimony, that her sexual organs were in the condition of those of a married woman, was competent and admissible, without regard to its weight, as tending to corroborate the daughter's testimony. It would then have been competent for defendant to have recalled the daughter, and to have shown by her or other competent means that she had permitted other persons to have sexual intercourse with her, in disproof of the fact that the condition of her sexual organs was caused by her father.

ID.— INSTRUCTION — ABSENCE OF CONSENT TO INCEST — CRIME NOT CHANGED BY FORCE—RAPE—CRIMINAL INTENT OF DEFENDANT.—It was proper to instruct the jury that "the consent of both parties is not essential to the crime of incest," and that "if the party charged have sexual intercourse with a female within the degree of consanguinity within which marriage is prohibited, he is guilty of the crime of incest, whether the intercourse was with or without the consent of such female." Where both the circumstances of force and consanguinity are present, it is not less incest because the element of rape is added; and the guilt of the defendant of the crime charged is measured by his knowledge and intent, and not by the knowledge and intent of any other person.

ID.—PROSECUTRIX, WHEN AN ACCOMPLICE—PRESENCE OR ABSENCE OF CONSENT—QUESTION FOR JURY.—If a prosecutrix, being of the legal age of consent, consents to the sexual intercourse, her testimony, like that of any accomplice, if not corroborated, is insufficient to convict; but if she is the victim of force, fraud, or undue influence, so that she does not willfully and willingly join in the incestuous act, she cannot be regarded as an accomplice. In this case the instructions fairly left the matter open to the determination of the jury.

APPEAL from a judgment of the Superior Court of Los Angeles County and from an order denying a new trial, and from an order denying a motion in arrest of judgment. B. N. Smith, Judge.

The facts are stated in the opinion of the court.

F. H. Thompson, W. H. Shinn, and C. L. Shinn, for Appellant.

U. S. Webb, Attorney-General, and J. C. Daly, Deputy Attorney-General, for Respondent.

HENSHAW, J.—The appellant was charged on information, tried and convicted of the crime of incest, and appeals

from the judgment, from the order denying him a new trial, and from the order denying his motion in arrest of judgment.

1. The information charged that the defendant "did willfully, unlawfully, and feloniously have sexual intercourse with Nina E. Stratton, a female child, she, the said Nina E. Stratton, being then and there the daughter of the said W. S. Stratton," etc. It is said that the charge of felonious "sexual intercourse" is not within the purview of our statute, which declares (Pen. Code, sec. 285) : "Persons being within the degrees of consanguinity within which marriages are declared by law to be incestuous and void, . . . who commit fornication or adultery, . . . are punishable," etc. Adultery is the sexual intercourse of a married person with a person other than the offender's husband or wife. Fornication is distinguished from adultery by the fact that the guilty person is not married. To each and both offenses sexual intercourse is essential, and the charge in the information that the defendant willfully, unlawfully, and feloniously had sexual intercourse with his daughter fully apprised the defendant of the charge which he was called upon to meet. In *People* v. *Cease*, 80 Mich. 576, the information charged the defendant with the crime of fornication committed with one Elizabeth Cease, his daughter. It was proved that the defendant at the time was a married man, and it was urged that the information was fatally defective in not charging that he committed adultery. But the court said: "The gist of the offense was the act of sexual intercourse with his own daughter. He could not have been prejudiced by the averment that the act which constituted the crime was fornication instead of adultery."

2. The daughter with whom the incest was charged was the first witness. She was permitted to testify to frequent and repeated acts of sexual intercourse forced upon her by her father. The evidence was admissible. (*Lefforge* v. *State*, 129 Ind. 551; *State* v. *Markins*, 95 Ind. 464;[1] *State* v. *Bridgman*, 49 Vt. 202;[2] *Thayer* v. *Thayer*, 101 Mass. 111;[3] *People* v. *Cease*, 80 Mich. 576; Wharton on Criminal Evidence, 9th ed., sec. 35.)

3. Upon cross-examination she was asked if she had not

---

[1] 48 Am. Rep. 733.          [3] 100 Am. Dec. 110, and note.
[2] 24 Am. Rep. 124.

had sexual intercourse with other persons besides the defendant in the case. The people's objection to the question was sustained. The ruling was proper. The admission of the evidence would in no way have tended to disprove the charge. Her reputation, and indeed her character for chastity and virtue, were not material, and, as is said in *State* v. *Winnenham*, 124 Mo. 423, "Even that she was a prostitute would not have excused or mitigated his offense." Subsequent to the testimony of the daughter, the state called Dr. Norman Bridge, a physician, who testified as to the daughter's sexual organs, that they were in the condition of those of a married woman. This testimony, without regard to its weight, was competent, relevant, and material, in tending to corroborate the daughter's statement as to the frequent acts of intercourse to which she had been subjected. If, after the introduction of this evidence upon the part of the physician, the defense had recalled the daughter, and had undertaken to show by her, or by any other appropriate means, that she had permitted others to have sexual intercourse with her, the evidence then would have been admissible in disproof of the fact sought to be shown, that the condition of her sexual organs was caused by her father, but no such offer or attempt was made.

4. The most serious question in the case is found in the evidence to the effect that the daughter submitted to her father's passion under duress and fear of death or great bodily injury, taken with the instructions of the court given as follows: "The court instructs you that the consent of both parties is not essential to the crime of incest. If the party charged have sexual intercourse with a female related to him within the degree of consanguinity within which marriage is prohibited, he is guilty of the crime of incest, whether the intercourse was with or without the consent of such female." Incest is defined by our code as follows: "Persons being within the degrees of consanguinity within which marriages are declared by law to be incestuous and void, who intermarry with each other, or who commit fornication or adultery with each other, are punishable by imprisonment in the state prison not exceeding ten years." (Pen. Code, sec. 285.) Upon this it is urged and argued that the crime of incest cannot be committed without the mutual consent of the parties, and that where, as here, the act is shown to have been accomplished under cir-

cumstances amounting to the rape of the female, the crime is not incest, but rape. In support of this view there is authority of great weight and dignity. Incest was not known to the common law, and being, therefore, a statutory crime, its definition will be found to be as various as the statutes themselves. But in many states where no substantial distinction can be discerned between their laws defining the offense and our own, the decisions fully support appellant's contention. The supreme court of Oregon, in a careful and learned opinion, reviews many of the cases, and reaches the conclusion which it expresses as follows: "We think the decided weight of authority is, that, under a statute like ours, the crime of rape by forcible ravishment and incest cannot be committed by the same act, but that of incest requires the concurring assent of both parties." (*State* v. *Jarvis,* 20 Or. 437.[1]) In *De Groat* v. *People,* 39 Mich. 124, the learned Justice Cooley, speaking for the court, said: "Fornication, when the element of near relationship makes it incest, may be an offense equally detestable and heinous, but it still lacks the distinguishing characteristics of rape. The one is accomplished by the impelling will of one person, and the other by the concurrent of assent of two." The reasoning by which this conclusion is reached in all of the cases which so hold can be stated in the language of the supreme court of Oregon, in the case above cited, as follows: "It will be noticed that the language of the statute is 'with each other,' which necessarily implies a concurrent act and the consent of both parties. If one of the parties is compelled by force to submit to the act, there can be no consent of such party, and the act cannot be committed 'with each other' as declared by the statute."

But this reasoning does not commend itself. It interprets the law as making mutuality of agreement and joint consent of the essence of the crime. This is done by judicial construction, and not by the express declaration of the law. The gravamen of the crime of incest, as of rape, is the unlawful carnal knowledge. In rape it is unlawful because accomplished by unlawful means. In incest it is unlawful, without regard to the means, because of consanguinity or affinity. Where both the circumstances of force and consanguinity are present, the object of the statute being to prohibit by punish-

---

[1] 23 Am. St. Rep. 141.

ment such sexual intercourse, it is not less incest because the element of rape is added, and it is not less rape because perpetrated upon a relative. In this, as in every offense, the guilt of the defendant is measured by his act and intent, and not by the act and intent of any other person. That such has been the view of this court is evidenced by *People* v. *Kaiser*, 119 Cal. 456, where the defendant was indicted for the crime of incest, alleged to have been committed upon his daughter, a girl under thirteen years of age. As intercourse with a female child incapable in law of giving consent is declared to be rape, it was argued against the indictment that the offense charged was rape. But this court said: "Assuming that the facts stated in the indictment in this case were sufficient to constitute the crime of rape, the daughter then being under the age of consent, still, under section 285 of the Penal Code, they clearly constituted the crime of incest, and the defendant was therefore properly put upon trial for that offense." In further support of this view may be cited Bishop on Statutory Crimes, sec. 660; Wharton on Criminal Law, sec. 1751; *State* v. *Ellis*, 74 Mo. 385;[1] *Mercer* v. *State*, 17 Tex. App. 452; *People* v. *Barnes*, 2 Idaho, 161; *Smith* v. *State*, 108 Ala. 1;[2] *State* v. *Chambers*, 87 Iowa, 1;[3] *State* v. *Ellis*, 11 Mo. App. 588; *Porath* v. *State*, 90 Wis. 527.[4]

If the prosecutrix, being of the legal age of consent, consents to the incestuous intercourse, unquestionably she is *particeps criminis*, and her testimony, like that of any other accomplice, uncorroborated, is insufficient to uphold a conviction. (*Schoenfeldt* v. *State*, 30 Tex. App. 695.) But if, upon the other hand, she is the victim of force, or fraud, or undue influence, or is too young to be able to give legal assent, so that she does not willfully and willingly join in the incestuous act, she cannot be regarded as an accomplice. (*Porath* v. *State*, 90 Wis. 527.[4]) In this case the instructions fairly left this matter open to the determination of the jury.

The judgment and orders appealed from are affirmed.

McFarland, J., and Lorigan, J., concurred.

[1] 41 Am. Rep. 321.            [3] 43 Am. St. Rep. 349.
[2] 54 Am. St. Rep. 140.        [4] 48 Am. St. Rep. 954.