[Crim. No. 175. Fourth Appellate District.—November 19, 1934.]

THE PEOPLE, Respondent, v. PHILIP PETRILLE,
Appellant.

Frank Curran, L. B. Fowler, J. G. Crichton and Tom Okawara for Appellant.

U. S. Webb, Attorney-General, and Bayard Rhone, Deputy Attorney-General, for Respondent.

JENNINGS, J.—The information against the defendant filed by the district attorney of Fresno County contained four counts. In the first count the defendant was charged with having committed the offense of statutory rape; in the second count the defendant was charged with having committed the crime of incest with his daughter Elsie Petrille on March 24, 1934; in the third count he was charged with having committed the crime of lewd and lascivious conduct with and upon the aforesaid daughter on the aforesaid date; in the fourth count he was charged with having committed the crime of incest with another daughter, Josephine Petrille, in the month of October, 1931.

On arraignment the defendant pleaded that he was not guilty of the offenses charged against him and the cause was set for trial. At the time appointed for the trial and prior to the introduction of any evidence in the case the district attorney moved that the action be dismissed as to the first and third counts. The motion was granted and the case proceeded to trial on the allegations contained in the second and fourth counts and the defendant's plea of not guilty thereto. Upon the conclusion of the trial the jury returned a verdict finding the defendant guilty of the offense charged in the second count of the information and not guilty of the offense charged in the fourth count. Defendant's motion for a new trial was denied as was also his application for probation and the trial court pronounced judgment upon him whereby it was ordered that as punishment for the offense of which he was convicted he should be confined in the state prison at San Quentin. From the judgment thus pronounced and from the court's order denying his motion for a new trial the defendant has prosecuted this appeal.

In support of his appeal the defendant contends that the trial court committed reversible error in permitting his wife to testify without his consent and over his express objection thereto. The action of the trial court in so doing is said to be in direct contravention of section 1322 of the Penal Code wherein it is provided that neither husband nor wife is a competent witness for or against the other in a criminal action to which either or both are parties, except with the consent of both, or in cases of criminal violence upon one by the other or upon the child or children of one

by the other. It is urged that criminal violence is not an element of the crime of incest in accordance with the opinion rendered in *People* v. *Stratton,* 141 Cal. 604 [75 Pac. 166], and that therefore the wife was not a competent witness against her husband and the admission of her testimony was erroneous and fatally prejudicial to the defendant's right to a fair trial.

With respect to this contention it is conceded, and an examination of the record discloses the propriety of the concession, that the testimony of the wife related solely to the charge of incest contained in the fourth count of the information, of which the defendant was acquitted. We think, therefore, that it is not necessary to decide whether or not the court erred in permitting the wife to testify against her husband. A painstaking examination of the entire record herein has already failed to produce the conviction that the admission of the wife's testimony resulted in a miscarriage of justice. We are not, therefore, warranted in sustaining the defendant's contention and in reversing the judgment for the asserted error (sec. 4½, art. VI, Constitution of California). The facts that the testimony of the wife related solely to the alleged commission of incest with the defendant's daughter Josephine in October, 1931, and that the defendant was acquitted of this offense by the jury are strongly indicative of a lack of prejudice resulting to the defendant from the admission of the wife's testimony, assuming that its reception was erroneous.

Defendant urges that the two offenses for whose commission he was placed on trial were so interrelated that all evidence which was produced related to and bore upon both, and that therefore the wife's testimony, although it had to do only with the crime of incest charged in the fourth count of the information, nevertheless had a bearing on the offense charged in the second count, and that it necessarily prejudiced the jury against the defendant. With this contention we cannot agree. Other than the fact that the offenses charged were both incest alleged to have been committed with defendant's daughters the two crimes were entirely separate offenses alleged to have been committed with different persons on different dates, widely separated in time.

 The defendant also complains that his right to a fair trial was seriously infringed by a certain statement made by the trial court in the presence of the jury. The criticised statement is as follows: ''I will say in all sincerity, I think they will arrive at a verdict without being hampered or mixed around by the attorneys.'' The contention with respect to this statement appears to be that it carried a strong implication that the court thought the jury should agree upon a verdict and that if the statement had not been made the jury might properly have disagreed since the evidence was conflicting and a verdict of conviction would not have resulted.

The record shows that the criticised remark was made under the following circumstances: Upon the conclusion of the trial and after both the People and the defendant had rested, one of the defendant's·counsel suggested in the presence of the jury that the question of the defendant's guilt or innocence be submitted to the jury without argument of counsel on either side. The final sentence of his statement was: ''I think that they know they judge the credibility of witnesses and under the instructions of the court, I feel that they can arrive at a just and true verdict in this case without the aid of counsel.'' One of the deputy district attorneys representing the People then stated that he was willing to submit the cause to the jury without argument and concluded his statement with the sentence that ''perhaps the jury would care for argument, perhaps not''. The trial court then addressed the jury and requested that any member of that body should indicate a desire for discussion of the evidence by raising his hand. The record shows that no juror responded. The trial court then made the statement to which complaint is now presented and shortly thereafter proceeded to instruct the jury and to submit the cause to their consideration. No objection was raised to the statement at the time it was made and no motion that it be stricken was presented, nor was it requested that the jury be advised to disregard it. A recital of the foregoing circumstances surrounding the making of the statement presents a complete answer to defendant's contention. Defendant's counsel had himself suggested that the jury could arrive at a verdict without the assistance of an argument by the attorneys. The court's statement was no stronger

and carried no greater implication that a unanimous verdict of guilt or innocence should be reached than did counsel's statement. The court's remarks certainly did not intimate that the court felt that a verdict of conviction should be returned by the jury. The statement was permitted to stand without objection or request that it be stricken or that the jury be instructed to disregard it. The objection now presented comes too late and is palpably an afterthought which has occurred after the jury did exactly what defendant's counsel felt that they would do, namely, arrive at a verdict. Unfortunately for defendant, the verdict was one of conviction rather than a hoped-for verdict of acquittal.

Defendant's final contention is that the trial court committed reversible error in giving the following instruction:

"You are instructed that the defendant in this case is charged in two counts in the information which has been read to you. I instruct you that you may find the defendant guilty on each count, as in the information alleged, or you may find the defendant not guilty as to each count therein alleged. I further instruct you that you may find the defendant guilty on one count and not guilty on the other count. You may disagree on a verdict as to one count, but you may render a verdict on the count on which you do agree."

The argument with respect to this instruction is identical with that which is presented in connection with the voluntary statement of the trial court which has heretofore been considered. It is urged that by it the jury was plainly advised that it might disagree in its verdict as to the offense alleged in one count of the information, but that it must render a verdict as to the offense specified in the other count. It is declared that the vice of the instruction is particularly apparent when taken in connection with the trial court's statement that he thought the jury would arrive at a verdict without being hampered by argument of counsel.

It would be an easy answer to defendant's contention thus presented to point to the fact that the record fails to show by whom the criticised instruction was requested and that in accordance with the familiar rule which requires a reviewing court to resolve all intendments in favor of a judgment we

should assume that the defendant himself requested the instruction which he now attacks. We prefer, however, to consider the language of the instruction for the purpose of discovering whether or not it is fairly subject to the interpretation placed upon it by the defendant.

It is our opinion that, taking the instruction in its entirety, and regarding it as a part of the instructions given by the court, it is not fairly susceptible of the construction urged by the defendant. The jury was properly informed that the defendant was charged with the commission of two offenses by the two counts of the information and that he might be convicted of both offenses or acquitted of both or that he might be convicted of one and acquitted of the other. The final sentence of the instruction contains the only language which is subject to any criticism. By it the jury was told: "You may disagree on a verdict as to one count, but you may render a verdict on the count on which you do agree." It would be straining the language of this sentence too much to declare that thereby the jury was advised that it must in any event reach a verdict as to one count of the information. We think that the plain meaning of the language used by the court was that the jury might not be able to come to a unanimous agreement as to one offense but that it might return a verdict, whether of conviction or acquittal, as to the other offense, provided its members should reach a unanimous agreement thereon. It is significant that the record fails to indicate that the defendant was dissatisfied with this instruction when it was given or that, through his counsel, he voiced any protest or objection thereto or requested the court further to clarify the instruction. Obviously the defendant would have made no complaint if the verdict rendered had been one of acquittal rather than of conviction.

For the reasons stated the judgment and order from which this appeal has been taken are affirmed.

Barnard, P. J., and Marks, J., concurred.

A petition by appellant to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on December 17, 1934.