KEMP, RESPONDENT, v. MURPHY, APPELLANT.

No. 9061.

Submitted June 19, 1951.   Decided July 11, 1951.

233 Pac. (2d) 824.

Mr. Stanley M. Doyle, Polson for appellant Homer G. Murphy, Jr.

Messrs. Lloyd I. Wallace and F. N. Hamman, Polson, for respondent Anna W. Kemp.

Mr. Doyle, Mr. Wallace and Mr. Hamman argued orally.

MR. CHIEF JUSTICE ADAIR:

Appeal in an action at law by Homer G. Murphy, Jr., defendant, from a money judgment rendered and entered April 12, 1950, against him and in favor of the plaintiff Anna W. Kemp.

On April 15, 1950, plaintiff served and filed notice of entry of judgment and on the same date defendant served and filed his notice of appeal.

On April 13, 1950, on defendant's application, the trial court made an order granting 60 days in addition to the 15 days allowed by R. C. M. 1947, sec. 93-5505, within which to prepare, serve and file defendant's bill of exceptions in the cause. The time so granted expired June 26, 1950.

July 11, 1950, being 15 days after the time so granted defendant had expired, defendant's counsel filed in the trial court their written application together with a supporting affidavit by the official court stenographer seeking an order for an additional extension of 60 days in addition to the time theretofore granted for the serving and filing of a bill of exceptions. Apparently the trial court took no action on the application until September 8, 1950, on which date it assumed to grant a further extension of 60 days in addition to the time allowed in its order of April 13th.

Thereafter defendant made no further application for additional time nor did the court make any further order granting more time.

On November 14, 1950, defendant's counsel served a proposed bill of exceptions bearing that date and thereafter under date of January 18, 1951, the trial judge assumed to sign, settle and allow defendant's proposed bill of exceptions and that day certified that such "is a full, true and correct transcript of the testimony in said cause, and contains all of the evidence and testimony introduced upon said trial, together with all matters and proceedings had at the trial, and the orders of the court then and there made, and the same is by me signed, settled and allowed, the Plaintiff having proposed no amendments thereto within the time allowed by law."

On January 26, 1951, defendant filed in the office of the clerk of this court a transcript on appeal consisting of a copy of the judgment roll certified to by the clerk of the district court under date of April 12, 1950, and a purported copy of defendant's proposed bill of exceptions.

The transcript on appeal so filed in this court is neither certified to be correct by the clerk of the trial court nor by the attorneys in the case as is required by R. C. M. 1947, sec. 93-8018.

June 4, 1951, plaintiff filed in this court a motion to strike from the record defendant's proposed bill of exceptions and to dismiss the appeal.

*Motion to Strike.* Plaintiff's motion to strike urges that at the time it assumed to settle defendant's purported bill of exceptions (January 18, 1951) the trial court had lost jurisdiction in the cause and that by reason of want of jurisdiction in the trial court this court is without jurisdiction to consider the purported bill of exceptions.

The provisions of R. C. M. 1947, sec. 93-5505, have been construed by this court on numerous occasions and are determinative of the motion to strike defendant's purported bill of exceptions.

In O'Donnell v. City of Butte, 72 Mont. 449, 451, 454, 455, 235 Pac. 707, judgment for plaintiff was entered February 21, 1924. On February 27, 1924, defendant was granted 45 days in addition to the time allowed by R. C. M. 1947, sec. 93-5505, then section 9390 of the Revised Codes of 1921, for serving and filing

a bill of exceptions and on April 18, 1924, defendant was granted 30 days in addition to the extension granted by the order of February 27th. Defendant's proposed bill was not presented for settlement until June 2, 1924, hence it was not within the time granted by the court's last order of April 18th. On rehearing, 72 Mont. at page 455, 235 Pac. at page 709, this court said:

"Our statute (section 9390, Rev. Codes 1921) prescribes the time for the presentation of a bill of exceptions to the trial court for settlement, the steps to be taken in securing additional time, and the settlement and filing of the bill. On the expiration of the time allowed by statute (whether original or *extended) the court loses jurisdiction to settle or sign the bill.* [Citing cases.] Inasmuch as at that time the court is without jurisdiction over either the parties or the subject-matter of the action, a bill of exceptions, presented, settled, and signed after the expiration of the time prescribed in the statute for such action, *is a nullity, and cannot be considered on an appeal,* even when the objection is not urged, and even though counsel should, by consent or written stipulation filed in the appellate court, agree that it shall be considered. [Citing cases.]

"* * * but with this *jurisdictional defect* in the bill staring us in the face, it was our duty to take notice thereof, and *ex mero moto* to declare the purported bill of exceptions a nullity, thus disposing of the appeal as we did in the original opinion." Emphasis supplied.

The O'Donnell case, supra, was cited and followed in State v. Vallie, 82 Mont. 456, 462, 268 Pac. 493, 499, and in H. Earl Clack Co. v. Oltesvig, 104 Mont. 255, 258, 68 Pac. (2d) 586, 587.

In the H. Earl Clack case, supra, this court said:

"The respondent filed a motion in this court to strike the bill of exceptions from the transcript on appeal for the reason that the trial court did not settle the bill within the time allowed by law and the additional period of sixty days granted. The record shows that the bill of exceptions was served and filed four days after the expiration of the additional time granted by the trial

court. The motion to strike was well founded in view of the ruling of this court in the case of O'Donnell v. City of Butte, 72 Mont. 449, 235 Pac. 707." Compare R. C. M. 1947, sec. 93-8708.

The O'Donnell case was cited and distinguished but not overruled in: Atlantic Pacific Oil Co. v. Gas Delvelopment Co., 105 Mont. 1, 13, 69 Pac. (2d) 750, 753; Ingman v. Hewitt, 107 Mont. 267, 272, 86 Pac. (2d) 653, 655; Pierce v. Pierce, 108 Mont. 42, 49, 89 Pac. (2d) 269, 272. The distinctions pointed out in the above three cases do not exist or apply to the case at bar which comes strictly within the rule as stated in the O'Donnell case, the Vallie case and the H. Earl Clack case, supra.

On January 18, 1951, when the district judge signed defendant's proposed bill of exceptions he had lost jurisdiction and in view of the foregoing authorities the motion to strike was well founded and must be sustained.

*Motion to Dismiss.* Plaintiff's motion to dismiss the appeal urges: That the transcript on appeal was not filed within the time allowed by law and the rules of this court; that defendant has been guilty of laches in perfecting his attempted appeal and that the record on appeal fails to show the service of any properly certified and authenicated transcript on appeal upon either plaintiff or her counsel.

As before stated neither the clerk of the trial court nor the attorneys in the case have certified the transcript on appeal to be correct as required by R. C. M. 1947, sec. 93-8018, and plaintiff's motion to dismiss the appeal on that ground is well founded and must be sustained. See Emerson v. McNair, 28 Mont. 578, 73 Pac. 121; In re Wierbitszky, 88 Cal. 333, 26 Pac. 174; and Snipsic Co. v. Riverside Music Co., 6 Cal. App. 115, 91 Pac. 747, construing a statute the same as the Montana statute. Compare: State v. McDonald, 125 Mont. 201, 232 Pac. (2d) 997; State v. Adams, 125 Mont. 202, 232 Pac. (2d) 997.

On the authorities above cited plaintiff's motions to strike defendant's purported bill of exceptions and to dismiss the appeal are granted and remittitur will issue forthwith.

ASSOCIATE JUSTICES METCALF, BOTTOMLY, FREEBOURN and ANGSTMAN, concur.