THE STATE OF MONTANA, Plaintiff and Respondent, v.
FRANK JOSEPH KUNTZ, Defendant and Appellant.
No. 9584.
Submitted November 18, 1955. Decided April 6, 1956.
295 Pac. (2d) 707.

Mr. Raymond F. Gray, Ronan for appellant.

Mr. Arnold H. Olsen, Atty. Gen., Mr. Louis Forsell, Asst. Atty. Gen., Mr. J. A. Turnage, County Atty., Polson, for respondent.

Mr. Gray, Mr. Turnage and Mr. Forsell argued orally.

MR. JUSTICE DAVIS:

The defendant Kuntz (appellant here) was charged in the district court for Lake County with the crime of incest alleged to have been committed with his daughter on or about January 5, 1953. Upon his plea of not guilty he was tried to a jury and found guilty. On November 26, 1954, the judgment of the court was passed that he serve a term of three years at hard labor in the state prison. From that judgment and from an order made December 28, 1954, denying his motion for a new trial he has appealed to this court.

The appeal taken May 26, 1955, from the denial of a new trial comes too late. R.C.M. 1947, section 94-8105. Compare Powell v. May, 29 Mont. 71, 73, 74 Pac. 80; Jackway v. Hymer, 42 Mont. 168, 111 Pac. 720; Nelson v. Donovan, 14 Mont. 78, 35 Pac. 227; In re Malick's Estate, 124 Mont. 585, 589, 228 Pac. (2d) 963.

The appeal from the judgment, which was timely, brings be- us the judgment roll where is found what is said to be a bill of exceptions containing the evidence and the other proceedings had at the trial. This bill, however, was neither presented to the trial judge for settlement nor delivered to the clerk of the district court for him within the time as extended through March 8, 1955, which R.C.M. 1947, section 94-7507, allows. It follows that the trial judge lost jurisdiction after that date to settle any bill of exceptions for the defendant at all. State v. Vallie, 82 Mont. 456, 458-460, 268 Pac. 493; O'Donnell v. City of Butte, 72 Mont. 449, 235 Pac. 707; Kemp v. Murphy, 125 Mont. 234, 236-238, 233 Pac. (2d) 824; Hutchinson v. Burton, 126 Mont. 279, 285, 247 Pac. (2d) 987. In other words compliance with section 94-7507 is mandatory, and has been so ruled by this court for at least fifty years. State v. Kremer, 34 Mont. 6, 9, 10, 85 Pac. 736.

Specifically, the order made by Judge Comer, which was filed June 7, 1955, giving the defendant sixty days additional time for his bill of exceptions was without effect; for it was made after Judge Comer had lost jurisdiction on March 8, 1955, to grant any such extension in the matter. Vicain v. City of Missoula, 107 Mont. 105, 107, 108, 81 Pac. (2d) 350; Wolz v. Wolz, 110 Mont. 458, 460, 102 Pac. (2d) 22; O'Donnell v. City of Butte, supra, 72 Mont. at page 453, 235 Pac. 707. And the jurisdiction thus could not be reinvested in the trial judge even by stipulation of counsel made August 2, 1955. State v. Vallie, supra, 82 Mont. at page 459, 268 Pac. 493.

At this point we note that the certificate of the judge below to the bill of exceptions before us recites only that it is "full, true, complete and correct," and is accordingly "settled, allowed and approved as a true and correct Bill of Exceptions in said cause." It is particularly significant that there is here no certification that the bill was presented within the time allowed by law as duly extended, a customary recital found in such certificates when a bill is timely presented. In this connection this certificate is precise, explicit, and not to be mis-

understood; for its express statement is that not only are its contents true but they are full, not only are they correct but they are complete.

In these circumstances there is no room for the presumption ██ indulged perhaps when the record does not affirmatively show a failure of jurisdiction, viz., that the presentation and settlement of the bill of exceptions were timely and in accordance with the statutory requirements. Compare Friel v. Kimberly-Montana Gold Min. Co., 34 Mont. 54, 59, 85 Pac. 734; Erdmann v. Erdmann, 127 Mont. 252, 254, 256, 261 Pac. (2d) 367.

Moreover, where as at bar the patent defect in the record goes ██ ██ to our jurisdiction it is our plain duty of our own motion to notice our want of authority to proceed. O'Donnell v. City of Butte, supra. It follows accordingly that we have before us no specification of error, which is predicated upon this bill of exceptions. The judgment roll alone is here for review.

There remains, in other words, for our consideration on this appeal only the error assigned on the face of that judgment roll, viz., that the trial court erred in granting the State leave to amend the information at the opening of the trial and over the defendant's objection thereto. The foundation for this assignment is found in the following facts.

The prosecution here is based upon R.C.M. 1947, section 94-705, which defines the crime of incest, so far as is here material, in these words: "Persons within the degrees of consanguinity within which marriages are declared by law to be incestuous and void * * * who commit fornication or adultery with each other, are punishable by imprisonment in the state prison not exceeding ten years."

From the judgment roll in the record, which contains the information and inter alia a copy of the minutes of the trial, R.C.M. 1947, section 94-7820, it appears this information originally charged that the defendant "did then and there wilfully, wrongfully, unlawfully and feloniously commit fornication with a person related * * *, to-wit, his natural daughter Eva Kuntz."

130

From the minutes of the trial we learn, however, that when ██ the cause was called on November 22, 1954, the county attorney moved to amend by striking the word "fornication" and substituting the word "adultery." There was objection by the defendant's counsel. The motion was nevertheless granted; and the clerk was directed to amend the information accordingly, which was done. The defendant by his counsel excepted.

In this ruling we see no error.

At that time the record shows, the defendant had previously been arraigned and pleaded not guilty to the charge as first drawn. The right of the state to amend, as it did, was therefore controlled by R.C.M. 1947, section 94-6207, to the effect that an information "may be amended at any time thereafter [after plea] and on trial as to all matters of form, at the discretion of the court, where the same can be done without prejudice to the rights of the defendant. * * *" This statute means that in the circumstances of this case this information could not be amended in any matter of substance after the defendant's plea and as here at the opening of the trial. Specifically, if the amendment actually made at that time by leave of court went to the substance of the charge upon which Kuntz was called to trial, there was error. State v. Fisher, 79 Mont. 46, 254 Pac. 872.

But we are of the opinion, the amendment permitted did not make any substantial change in the charge which was first brought against Kuntz. Nor did it aid that charge in any material particular; for we think, it touched a matter of form only.

Translated this information before amendment said that the ██ defendant, an unmarried man, indulged in sexual intercourse with his natural daughter, Eva Kuntz. Compare Territory v. Whitcomb, 1 Mont. 359, 25 Am. Rep. 740. By the deletion of the word "fornication" and the substitution of the word "adultery" the charge was then that the defendant, a married man, indulged in sexual intercourse with his natural daughter, Eva Kuntz. The essence of the accusation both be-

fore and after amendment was, however, precisely the same, i. e., sexual intercourse alleged to have been had by Kuntz with his natural daughter, which itself makes out the crime of incest. All else is matter of description only. 42 C.J.S., Incest, section 12(b), page 511; 31 C.J., Incest, section 23, page 380; People v. Cease, 80 Mich. 576, 45 N.W. 585, citing Territory v. Whitcomb, supra, and applying that authority to the crime of incest; Wood v. State, 72 Okl. Cr. 347, 116 Pac. (2d) 734; Brown v. State, 42 Fla. 184, 27 So. 869; People v. Stratton, 141 Cal. 604, 75 Pac. (2d) 166. Whether the defendant father was married or unmarried at the time is not a material ingredient of the offense. In either event the defendant is guilty if the intercourse charged is proved. People v. Cease, supra; Wood v. State, supra, 72 Okl. Cr. 355, 116 Pac. (2d) 734; People v. Stratton, supra, 141 Cal. at page 606, 75 Pac. 166.

This information likewise both before and after amendment followed in substance the language of our statute. The original as well as the amended statement of the offense intelligibly charges sexual intercourse by a father with his daughter. This is the gist of the crime denounced by the statute, which was not altered in the least by the amendment, in effect, that Kuntz was a married man, not single or unmarried, as at first the information had described him. Accordingly his case is ruled by State v. Crighton, 97 Mont. 387, 34 Pac. (2d) 511, rather than by State v. Fisher, supra.

The judgment of the district court is affirmed.

MR. CHIEF JUSTICE ADAIR, and MR. JUSTICE BOTTOMLY, concur.

MR. JUSTICE ANGSTMAN: (dissenting).

I think the judgment should be reversed and a new trial had.

I agree with what is said in the foregoing opinion to the effect that no error was committed in granting leave to amend the information. I also agree that the appeal from the order denying a new trial came too late but on the appeal from the judg-

ment any intermediate order involving the merits, or which may have affected the judgment, is reviewable. R.C.M. 1947, section 94-8209.

My reason for thinking a new trial should be had is because of the following:

It appears from the testimony that Eva Kuntz gave birth to a child on or about the 22nd day of October 1953. Over the objection of defendant the state was permitted to introduce in evidence a copy of a birth certificate showing the birth of that child, which certificate purports to contain the signature of Eva Kuntz, the mother, and wherein the father of the child was named as Frank Joseph Kuntz, the defendant herein. The defendant contends that it was error to receive this birth certifi- ·cate in evidence. This exhibit was a certified copy of a certifi- cate in the office of the county clerk and recorder, which itself was a copy of the certificate filed with the Bureau of Vital Statistics. The defendant contends that it was error to receive the exhibit in view of R.C.M. 1947, section 69-524, which pro- hibits the disclosure of illegitimacy of birth except only upon order of the court in a case where such information is neces- sary for the determination of personal or property rights. His contention is that this statute was violated. The state contends that because of other sections of the statute the certificate was properly admissable. It points out that under R.C.M. 1947, section 69-531, it is made the duty of the local registrar to transmit all original certificates filed with him to the state registrar after having duplicate copies filed with the county clerk and recorder; that when the copy is filed with the county clerk and recorder the writing becomes a public record under R.C.M. 1947, section 93-1001-2, and as such becomes admissible in evidence under R.C.M. 1947, section 93-1001-5.

I do not agree with the state's contention. R.C.M. 1947, section 69-524, is a special statute dealing with the question of disclosure of the illegitimacy of the birth of a child. So far as it conflicts with R.C.M. 1947, sections 93-1001-2 and 93-

1001-5, section 69-524 is controlling. It was prejudicial error to receive the birth certificate in evidence.

Likewise at the trial Eva Kuntz appeared with her own counsel and was called as a witness but, when it came to vital matters, upon advice of her counsel, she refused to testify upon the ground of self-incrimination, particularly when she was requested to give testimony showing that she had intercourse with other men about the time when she is alleged to have had intercourse with defendant. It would seem from the very fact that she subscribed the birth certificate (if in fact she did subscribe it), declaring that her own father was the father of the child, she had waived any objection to testifying upon the ground of self-incrimination. However that may be, her offered evidence would not have incriminated her. Admission of intercourse with other men would not have subjected her to a criminal prosecution.

Defendant sought to show by her testimony that at about the time that the act of intercourse charged against the defendant was supposed to have occurred, Eva was working for some neighbor bachelors and that she had intercourse with one or more of them. Eva stated this to be the fact but on motion the evidence was stricken from the record. Since the state opened the door by introducing the birth certificate tending to show that defendant was the father of the child he should have been permitted to show, if he could, that someone else may have been the father of the child. This was squarely held in the case of Skidmore v. State of Texas, 57 Tex. Cr. 497, 123 S.W. 1129, 26 L. R. A. N. S., 466. And see to the same effect Commonwealth v. Jenkins, 46 Pa. Dist. & Co. R. 677, and State v. Swindall, 129 La. 760, 56 So. 702.

It was error on the part of the court to exclude evidence offered by the defendant through the witness, Eva Kuntz that she had intercourse with another man about the time it is contended that defendant had intercourse with her, as tending to refute the claim of the state that defendant was the father of the child. For error in the respects above pointed out I think

a new trial must be had. But the majority opinion holds that I am not warranted in looking at the record which shows the foregoing facts because the bill of exceptions came too late.

The record shows that judgment was rendered on November 26, 1954; a motion for new trial was denied on December 28th; defendant's counsel, at the conclusion of the trial, obtained 60 days in addition to the statutory time within which to prepare, serve and file a bill of exceptions. The next thing that the records show, so far as the bill of exceptions is concerned, is an affidavit by the court reporter made on June 7, 1955, in which it is recited that counsel for defendant after the entry of judgment "ordered and directed" affiant to prepare a bill of exceptions to be served in said cause; "that due to press of business in the court of Judge Comer, and due to the fact that affiant has been and will be reporting other cases and will be constantly engaged in stenographic work for the Honorable C. E. Comer, affiant will be unable, within the time allowed by law and heretofore granted by the Court, to complete the Bill of Exceptions in said cause, and affiant needs further time within which to complete said Bill of Exceptions;

"That affiant estimates that an additional sixty (60) days in addition to the time heretofore granted by the Court will be sufficient within which to complete said Bill of Exceptions."

On the strength of that affidavit the court entered an order granting 60 days in addition to the time allowed by law in which to prepare the bill of exceptions. The affidavit strongly intimates that there was some previous time granted by the court that had not yet expired. In the absence of any objection by the county attorney or by the attorney general's office, I think we should presume that other orders had been made by the court extending the time for the bill of exceptions and that they are absent from the record through inadvertence, or we should hold that the objection to the bill of exceptions has been waived. Such is the general rule in other jurisdictions as to the practice in civil cases.

The rule is stated in 4 C.J.S., Appeal and Error, section

936, page 1437, as follows: "Parties may generally waive the strict rules of practice in settling and serving a case-made. An objection based upon the failure of appellant or plaintiff in error to make, file, or serve his case or statement of facts within the required time may be either expressly or impliedly waived." And such is the rule in civil cases proclaimed by our statute.

R.C.M. 1947, section 93-8019, in part provides: "All objections to the record and brief of appellant shall be deemed waived unless a motion to dismiss is made because thereof, except such as will prevent a fair hearing, consideration, and decision of the appeal on its merits; and as to any such objection the court may, in its discretion, permit a compliance with the provision of the law or rule of court violated, within such time and upon such terms as may be just."

The legislature has been more lenient in its requirements as to extensions of time for a bill of exceptions in a criminal case than in a civil case. In a civil case no extension beyond 60 days can be granted without an affidavit showing the necessity therefor. R.C.M. 1947, section 93-5505. There is no such requirement in a criminal case. R.C.M. 1947, section 94-7507.

There is nothing in the judge's certificate that militates against the view I take. All it certifies to is that the bill contains a full and true copy of the proceedings had at the trial. It does not negative the existence of other orders extending the time for a bill of exceptions.

I think we should presume that official duty was regularly performed, R.C.M. 1947, section 93-1301-7, par. 15, and give judgment without regard to technical errors or defects which do not affect the substantial rights of the parties. R.C.M. 1947, section 94-8207. Are there any decisions of this court which hold that we may not consider a bill of exceptions under the circumstances here shown? The case of State v. Vallie, 82 Mont. 456, 268 Pac. 493, is relied on but in that case no order was ever obtained extending the time for the preparation of the bill of exceptions, as here. There was not even a colorable compliance with section 94-7507. Likewise counsel for the state

was objecting to a consideration of the bill of exceptions on the ground that it was not settled in time and hence there was in fact no waiver of the objection. Here there was substantial compliance with the statute, counsel is not objecting to it but impliedly, at least, waives objection to it, and according to the affidavit of the court reporter the bill could not have been prepared and presented sooner.

O'Donnell v. City of Butte, 72 Mont. 449, 235 Pac. 707, is also cited and relied on. But that case is inapplicable here because it had to do with a civil case and was controlled by different statutes. There was in fact no waiver of the objection in the O'Donnell case under section 93-8019 because counsel was strenuously objecting to the bill of exceptions from the moment it was served on him until the question was ruled on by this court. This was pointed out in the case of Erdmann v. Erdmann, 127 Mont. 252, 261 Pac. (2d) 367, which supports my view rather than that of the majority opinion.

Likewise what the court actually said in the O'Donnell case is contrary to section 93-8019. In legal effect the court in the O'Donnell case amended section 93-8019 by adding an exception to this effect, ''and except when the record does not disclose affirmatively that extensions of time for the bill were made upon affidavits showing the necessity for further time.'' The legislature and not this court is the tribunal that should work such an amendment if it is desired. The legislature placed one exception in the statute and if it desired another it would have placed it there. The placing of one exception in the statute excluded all others under the familiar doctrine of ''expressio unius, exclusio alterius.'' Furthermore the opinion in the O'Donnell case cites and quotes from the case of Crowe v. Corporation of Charlestown, 62 W. Va. 91, 57 S.E. 330, 13 Ann. Cas. 1110. The annotation in 13 Ann. Cas., page 1115, shows that about an equal number of courts take the opposite view and what the court should have done in the O'Donnell case when it said ''this court is inclined at all times to consider the merits of all controversies and will, in order to do so, disregard

technicalities'' was to add a statement to the effect that when the authorities are about equally divided we will follow that line of authorities which enables us to get at the merits of the controversy and particularly will we do so when the legislature has also prescribed that as the rule as section 93-8019 plainly does.

But if we were inclined to accept the holding in the O'Donnell case as sacrosanct, the holding should be restricted to civil and not extended to criminal cases. If it applies also to a criminal case then, if ever there was a case where the doctrine of *stare decisis* should be rejected within the principles enunciated in the majority opinion in Burns v. Lacklen, 129 Mont. 243, 284 Pac. (2d) 998, 12 St. Rep. 279, this is that case. Here we are dealing with the liberty of a human being in a criminal case. We ought to hear and decide his appeal on its merits.

Other cases relied on in the majority opinion are also civil cases, save the case of State v. Kremer, 34 Mont. 6, 85 Pac. 736. In that case, unlike this, there was objection on the part of the attorney general to a consideration of the bill of exceptions. This court was called upon to decide the point. Here we uncover the defects in the record, if, in fact, there is a defect, upon our own initiative and search. No one connected with the case is relying on the point. Counsel for both parties have briefed and argued the case on its merits only. Likewise in the Kremer case the objection to the bill of exceptions was for failure to give the notice prescribed by the statute. No such failure appears here.

The only case that perhaps might be said to militate against my view is that of Hansen v. Hansen, 129 Mont. 517, 290 Pac. (2d) 438, 12 St. Rep. 473, where the majority of this court of their own motion and without the question being raised by counsel, dismissed an appeal because the record did not contain a duly authenticated copy of the notice of appeal and this even though a certified copy of the notice of appeal was furnished after the oral argument of the case, showing that the notice of appeal was actually served and filed in time. As I understand the

majority opinion in that case, the appeal was dismissed because the notice of appeal was not physically inserted in the transcript inside the cover and five months having elapsed after the oral argument without this having been done. I think that requirement is substituting form for substance. Since we were shown a certified copy of the notice of appeal I can see no useful purpose in having it physically attached to the transcript. Likewise, I fail to see where laches should have been applied. The delay in furnishing the certified copy of the notice of appeal did not affect the work of this court. Another case argued on the same day is still undecided, all of which would suggest that we should not be too free in penalizing another for laches.

I think we should expressly overrule the opinion in that case.

For the foregoing reasons I think the judgment in the instant case should be reversed and the cause remanded for a new trial.

MR. JUSTICE ANDERSON:

I concur in the foregoing dissenting opinion of Mr. Justice Angstman.